EDWARD CODY

v.

THE COMMERCIAL FIRE INSURANCE COMPANY.

VERDICT—DAMAGES.—The verdict in this case finding the issues for the plaintiff and assessing his damages at one cent, is inconsistent and absurd, for if the plaintiff was entitled to recover, the verdict should have been for $540, and if he was not entitled to recover, the verdict should have been for the defendant.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed June 27, 1883.

Assumpsit upon a policy of insurance against loss by fire, issued by appellee to appellant, on his two story and basement brick building, No. 3725 South Halsted street, Chicago. The building was partially destroyed by fire, causing a loss of $540. The declaration was in the usual form, containing two special counts on the policy, and also the common counts. The defendant pleaded the general issue, and gave notice thereunder "that the plaintiff forfeited his policy, by allowing a smoke house to be and remain on said insured property, and that the fire occurred by reason of the existence of said smoke house."

The policy contained among other clauses, the following: "If the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever, within the control of the assured, without the consent of this company indorsed thereon, this policy shall be void."

Cody v. Commercial Fire Ins. Co.

The case was tried by a jury, who found the issues for the plaintiff, and assessed his damages at one cent. The plaintiff's motion for a new trial being denied, judgment was rendered upon the verdict and the plaintiff appealed.

Messrs. BUELL & FITCH, for appellant; that the question whether the risk was increased by means within the control of the insured, was a question to be determined by the jury, and their finding thereon is conclusive, cited Wood on Fire Insurance, § 228; Jones v. F. F. Ins. Co. 51 N. Y. 318; Williams v. P. Ins. Co. 57 N. Y. 274; Lyon v. Com. Ins. Co. 2 Rob. (La.) 266; Robinson v. Mercer Co. Ins. Co. 27 N. J. 134; Newman v. S. F. & M. Ins. Co. 17 Minn. 123; Gates v. M. Co. Ins. Co. 5 N. Y. 469.

An assured is not chargeable with an increase of risk caused by an act of his *tenant*, unless expressly stipulated against in the policy of insurance: Wood on Fire Insurance, § 237; Sanford v. M. M. Fire Ins. Co. 12 Cush. 541; Boardman v. M. M. Fire Ins. Co., 8 Cush. 583; White v. Ins. Co. 8 Gray, 566; Henneker v. B. Am. Ins. Co. 14 U. C. 57; Merriam v. M. F. Ins. Co. 41 Pick. 162; Commonwealth v. H. & L. Ins. Co. 112 Mass. 136; Miller v. W. F. M. Fire Ins. Co. 1 Handy, 208.

Conditions in a policy will be interpreted and construed most strongly against the company: Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Com. Ins. Co. v. Robinson, 64 Ill. 265; Com. Ins. Co. v. Spankneble, 52 Ill. 53.

A new trial will be granted on the ground of inadequacy of damages awarded: Tilley v. Spalding, 44 Ill. 80; Scott v. Blumb, 2 Gilm. 595; Baker v. Pritchett, 16 Ill. 66; Hopkins v. Chittenden, 36 Ill. 112; 3 Graham and Waterman on New Trials, 1166.

Messrs. HYNES, ENGLISH & DUNNE, for appellee; that an alteration made in buildings insured, by a tenant, without the knowledge or authority of the assured is no excuse for a violation of his covenant against alteration, cited Diehl v. Adams Co. M. Ins. Co. 58 Pa. St. 449; Kuntz v. N. Fire Ins. Co. 16

U. C. (C. P.) 578; Fire Association v. Williamson, 26 Pa. St. 196; Duncan v. Fun Fire Ins. Co. 6 Wend. 409; Howell v. Balt. Eq. etc. 16 Md. 377; Appleby v. F. Ins. Co. 45 Bar. (N. Y.) 454; Wood on Fire Ins. § 120; Kelly v. Worcester Ins. Co. 97 Mass. 284.

Where substantial justice has been done, and the jury could not have reached any other result from the evidence, a reversal will not be given for the refusal of instructions or the rejection of testimony that might, with propriety, have been given or admitted: Ryan v. Donnelly, 71 Ill. 101; Protection L. Ins. Co. v. Foote, 79 Ill. 361; Stevison v. Earnest, 80 Ill. 513; Williamsburg Ins. Co. v. Cary, 83 Ill. 453; Teutonia L. Ins. Co. v. Beck, 74 Ill. 165; White v. Stanbro, 73 Ill. 575; C. B. & Q. R. R. Co. v. Van Patten, 74 Ill. 91; Strohm v. Hayes, 70 Ill. 13; Murray v. Haverty, 70 Ill. 318; Andes Ins. Co. v. Fish, 71 Ill. 620; Reynolds v. Greenbaum, 80 Ill. 416.

PER CURIAM. The verdict was inconsistent and absurd. The plaintiff introduced evidence tending to support the allegations in his declaration, and the jury found the issues in his favor. By the undisputed evidence the damages proved amounted to the sum of $540. If the plaintiff was entitled to recover, the verdict should have been for that sum; if he was not entitled to recover, the verdict should have been for the defendant. The record as it stands, is simply a judicial burlesque, and, if allowed to remain unreversed, would reflect unfavorably upon the administration of justice in courts of law.

The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.