85    637
107   ¹621

# Conrad Seipp Brewing Co. v. Henry Peck and Luke T. O'Brien.

1.  VERDICTS—*Capricious and Arbitrary.*—A verdict should be consistent with at least some legitimate theory of the evidence, or with what the evidence tends to prove, and must rest upon some sound principle; where it is not warranted by any legitimate interpretation of the evidence, or of what may be fairly inferred from the evidence, it ought to be set aside.

2.  SAME—*When Illogical.*—Where there is no middle ground upon which the jury can determine the question in controversy, and where, under the evidence, the plaintiff is either entitled to a verdict for the amount claimed, or is not entitled to recover at all; a verdict for a part of the plaintiff's claim is illogical.

Assumpsit, on a promissory note.   Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898.   Reversed and remanded.   Opinion filed December 5, 1899.

WINSTON & MEAGHER, attorneys for appellant.

A verdict supported by the evidence of neither party is

inconsistent and absurd, and can not stand. Thompson on Trials, Vol. 2, Sec. 2606; St. Louis Brewing Co. v. Bodemann, 12 Mo. App. 573; Lowry v. Orr, 1 Gilm. 70; Tilley v. Spalding, 44 Ill. 80; Koester v. Esslinger, 44 Ill. 476; Hallberg v. Brosseau, 64 Ill. App. 520; Cody v. Commercial Fire Ins. Co., 13 Ill. App. 112.

CHURAN & SABATH, attorneys for appellee Peck.

MR. JUSTICE SHEPARD delivered the opinion of the court.
. The appellant, as plaintiff, entered judgment by confession, upon a promissory note signed by the appellees, in pursuance of a power of attorney attached to the note. Afterward the appellees, as defendants, were given leave to plead to the *narr.*, and upon trial by a jury a verdict in favor of appellant for $100 was returned, and judgment was rendered upon the verdict.

Appellant appeals from such judgment in its favor. The note was for $300, with interest at six per centum for about two years and ten months, less an admitted credit of $50 and interest thereon.

The verdict of $100 finds no basis whatever in the evidence. Had the jury found in favor of the defendants we might not say there was not evidence that tended to support such a conclusion. But the evidence in support of the defense went to the whole note and not to a part of it. There was no middle ground upon which the jury might compromise. Under the evidence appellant was either entitled to a verdict for the amount due upon the note, or was not entitled to recover at all.

So, when the jury found the issues in favor of appellant they found that appellant was entitled to a recovery, and they should have assessed its damages at the amount due upon the note. They could not rightfully say appellant was entitled to recover, but it should have only a fraction of what was due. Under the evidence all or nothing was due.

Nothing that is contained in the evidence, or in the instructions given to the jury in the form of an oral

charge (by stipulation of parties), can account for the verdict.

A jury has no right to render a capricious and arbitrary verdict in total disregard of the facts. A verdict should be consistent with at least some legitimate theory of the evidence, or what the evidence tends to prove, and must rest upon some sound principle; and where it is not warranted by any legitimate interpretation of the evidence, or of what may be fairly inferred from the evidence, it ought to be set aside. Cody v. Commercial Fire Insurance Co., 13 Ill. App. 110; Wolf v. Goodhue Fire Insurance Company, 43 Barb. 400.

The judgment will be reversed and the cause remanded.