## Chicago City Ry. Co. v. Minard W. Maloney, by his Next Friend.

1. EVIDENCE—*Comparison of the Number of Witnesses Not Conclusive.*—A mere comparison of the number of witnesses testifying in a case is not conclusive as to the preponderance of conflicting evidence.

2. VERDICTS—*When it is the Duty of the Court to Set Aside.*—It is the duty of the trial court to set aside a verdict which is manifestly against the clear preponderance of the evidence.

3. NEGLIGENCE—*Duty of the Jury as to.*—A jury can not be permitted to arbitrarily declare any act to constitute actionable negligence as it may capriciously elect without a proper foundation for its action. It is only where the facts will authorize a jury to find negligence that it can be said to be a question of fact.

4. APPELLATE COURT PRACTICE—*Where a Case Will Not be Reversed Without Remanding.*—When there is some evidence tending to establish the cause of action stated in the declaration, although the manifest weight of the evidence is against it, the Appellate Court will not make a final disposition of the cause, but will remand it for another trial.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed January 30, 1902.

**Statement.**—Appellee, a minor, brought this suit by next friend to recover damages for personal injuries sustained through being struck by one of the cable trains of appellant, which was moving northward upon State street at the intersection of Thirty-fifth street, in Chicago.

The *narr.* upon which issue was joined and trial had, consisted of eight counts. The first count charges in general

terms, careless and improper management of the grip car and train.

In the second count defendant's negligence is charged to have been in neglecting to ring a bell or give warning or signal of the approach of the train. The third count charges that defendant was negligently running its train at a high and excessive rate of speed. In the fourth count defendant's negligence is charged to have consisted in a failure to slacken the speed of the train as it approached the crossing. The fifth count charges that defendant negligently permitted the grip of the grip car attached to the train to become and remain defective and out of order, so that it could not be detached or disconnected from the cable that propelled the cars. The negligence charged against defendant in the sixth count is in permitting the brake upon the cars to become and remain insufficient and out of order. The seventh count charges that defendant negligently permitted the wire rope or endless cable propelling the train to become in bad condition and repair, and certain strands composing the rope or cable to become worn and partially detached therefrom, and that thereby the grip of the grip car became entangled by said worn and partially detached strands. The eighth count charges that it was the duty of defendant to keep certain sand boxes on the grip car full of sand, so that they could be easily controlled or stopped, but that defendant allowed the sand boxes to become empty and without sand, so that the train of cars could not be stopped or controlled.

No evidence whatever was introduced which supported or tended to support the fifth, sixth, seventh or eighth counts of the declaration. Two witnesses only testified to the occurrence in question on behalf of appellant, the plaintiff below. One of these was Minard Maloney, for whose use the suit was brought, and the other was William Nelson. Mr. Nelson testified that he was in a drug store on the corner of State and Thirty-fifth streets, from which place he witnessed the accident; that he saw the boy when he started east over the south crossing of Thirty-fifth

street, and that as he got to the north-bound track (after having crossed the south-bound track) the front end of the car on the north-bound track struck him; that the train was running fast; that no bell was rung upon the grip car before the boy was struck; that the car first began to slacken its speed about ten feet before it struck the boy; that it was the northwest corner of the grip car which struck the boy, and that the corner projected a little over the rail. He also testified, " I did not see any car on the south-bound track then, standing or moving;" and " It was a clear day and he (the boy) was looking east. There was nothing to prevent his seeing the car; " and "When the train first came to a stop * * * the rear end of the rear car was at the north crossing of Thirty-fifth street." Minard Maloney was about nine years old when the injury occurred. He testified that he was returning from an errand to a grocery store; that a south-bound train was standing upon the crossing of Thirty-fifth street on State street; that in going across State street he passed behind the standing south-bound train. He testified :

" I think I looked to see if there was any cars, but I didn't see any, and then I heard some yelling and I tried to run back and that is all I remember. * * * I didn't hear no bell."

This constituted all of the evidence which tended to support the action, except that a police officer testified to seeing the train by which the boy was struck standing north of the north crossing of Thirty-fifth street after the accident, and excepting evidence going to the extent of the injury.

On behalf of appellant the conductor and gripman of the north-bound train and six disinterested witnesses of the accident, testified that the south-bound train did not stop at Thirty-fifth street where the north-bound train passed it; that the north-bound train was moving slowly at the time of the accident; and five of these witnesses besides the gripman testified that the gong was ringing upon the grip car at the time in question.

The issues were submitted to a jury and a verdict resulted for appellee, by which the damages were assessed at $2,000. From judgment thereon this appeal is prosecuted.

WM. J. HYNES and WATSON J. FERRY, attorneys for appellant; MASON B. STARRING, of counsel.

JOSEPH B. MANN and MUNSON T. CASE, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

No evidence whatever was presented to support those counts of the declaration which charge as negligence of the appellant a defective condition of brake, cable or sand box. Upon the charge of negligence in failing to ring a bell upon the grip car as it approached the Thirty-fifth street crossing, set up by the second count, there was some evidence on behalf of the appellee, but it was very slight, and in comparison the contradictory evidence presented by appellant was overwhelming. Nelson and Minard Maloney each testified that they heard no bell. The gripman and five other witnesses testified positively that the bell upon the car was ringing. One of the witnesses called by appellee testified that at the precise moment when the car struck the boy he heard no bell; but in this he agrees with the gripman, who testified that he rung the gong up to the instant of the collision, when he released the bell to grasp the levers.

A still greater preponderance existed in favor of the appellant upon the charge of excessive speed, as presented by the third and fourth counts. Nelson alone testified as to speed of the train on behalf of appellee. He said that it was going fast. Against this uncorroborated testimony is the testimony of the gripman and the corroborating testimony of seven apparently disinterested witnesses, that the train had slackened its speed in approaching Thirty-fifth street, and at the time in question was moving slowly. These various witnesses fixed the distance within which the train was brought to a standstill after the boy was struck, at from

five to ten feet.   Under the general charge of negligence in moving and managing the train, as set out by the first count, it was sought to show by Minard Maloney's testimony that the south-bound train was standing upon the Thirty-fifth street crossing to discharge its passengers, when the north-bound train ran by it without stopping.   But upon this theory of fact the appellee's case was as sadly lacking in weight of evidence as upon the other grounds just noted.   For Minard alone testified to the fact that the south-bound train was standing.   Nelson, appellee's witness, testified that he saw no south-bound train standing or moving.   Eight witnesses, six of whom were apparently in no manner interested or concerned in the outcome of the trial, testified positively that the south-bound train did not stop, but that it and the north-bound train passed each other, while both were moving, at Thirty-fifth street.

If there were any ground whatever upon which the testimony of these many witnesses could be discredited, it might be said that a mere comparison of numbers is not conclusive as to preponderance of conflicting evidence. But there is no such ground apparent upon this record. One of the apparently disinterested witnesses was a commercial traveler; another an official of a lumber company; another, superintendent of a teaming company; another a train porter on a railroad; another a newspaper vender; another a railroad switchman; another a laborer and another a real estate dealer.   No one of them was in any manner impeached.   How it can be in reason held by court or jury that the uncorroborated statement of Nelson upon the proposition of speed, or the equally uncorroborated statement of Minard Maloney upon the question of the standing train, or the negative testimony of each that he heard no bell, overcomes and creates a preponderance over the united testimony of the conductor and gripman and these many disinterested and unimpeached witnesses, surpasses comprehension.

If it should be said that the duty of a court to set aside a verdict which is manifestly against the clear preponder-

ance of the evidence, does not apply here, then it would be difficult to imagine a case where it ever could apply.

It is contended by the learned counsel for appellee that the jury might have found that the mere fact of two of appellant's trains passing while each was in motion, constituted actionable negligence. By this same reasoning a jury might have declared by their verdict that to operate any train upon the surface of a city is actionable negligence, but no court would sustain such a finding.

What constitutes negligence is primarily a question of fact for determination by jury. Nevertheless, jurors can not be permitted to arbitrarily declare any act to constitute actionable negligence, as they may capriciously elect, without foundation therefor. It is only where the facts would authorize a jury to find negligence that it can be said to be a question for the jury. Sutton v. N. Y. C. & H. R. R. R. Co., 66 N. Y. 243.

We do not regard the decision in Roberts v. Spokane St. Ry. Co., cited and relied upon by counsel for appellee, as in point. In that case the court found that the controller upon the electric car was out of repair, and that " with the controller in good condition (the motorman stated) the car could have been stopped under the circumstances, considering the place and rate of speed, very nearly instantly. He also said that the plaintiff would not have gone under the front end of the car had the controller been in sound condition." It is true that the question of negligence in the passing of cars upon a crossing did become subject of comment in the decision. But there was clearly good ground for sustaining the judgment there upon the negligence predicated upon the defective controller. And of the two cars in question there, one was standing at the public crossing. If there were here any facts showing that by reason of the peculiar surroundings it was more perilous to pedestrians upon the street to permit one train to pass another while each was moving, than it is to permit trains to pass each other generally in surface transit, then perhaps a question might be presented as to actionable negligence

in this case.   Upon such grounds it has been held to be neg-
ligence in certain cases to move one train by while another
train was discharging its passengers upon an adjacent track.
But here there are no such facts or circumstances estab-
lished.   The very great preponderance of the evidence
discloses that this accident occurred by reason of the young
lad heedlessly running into a moving train. ˙Pague, Mc-
Clelland, Opfer, Byrne and Bulfer, as well as the gripman,
agree in testifying that the boy was not upon the track at
all, but that he suddenly ran from the west from behind the
train moving south, into the projecting northwest corner
of the north-bound train.   Pague testified:   " I say 'ran
into the car' because he wasn't looking where he was
going.   The car did not run into him.   He ran into the
car."   McClelland testified:   " He was looking back over
his shoulder at the south-bound train, and he ran almost
directly against our grip car, the northwest corner of it."
Opfer testified:   "The boy ran right from behind the
south-bound car and dashed right into the northwest corner
of the north-bound car, and it knocked him to one side; it
knocked him to the west side."   Byrne testified:   " Just
as we were coming to the crossing of Thirty-fifth street
there was a south-bound train passing, and just as we got to
the crossing, just at the cross-walk, a boy dashed out from
behind that car and bumped against ours."   Bulfer testi-
fied:   " The first I saw the boy coming on the crossing on the
south side of the street, going, he was going toward the
east, and there was another boy running after him at the
time, and when I saw him he was right into the grip car.
There was another train, south-bound train passing just
before; had passed just before he ran into the car."

It is obvious that the verdict can not be permitted to
sustain this judgment, because it is manifestly against the
clear preponderance of the evidence.

Appellant's counsel ask that the cause be reversed with-
out remanding.   This we can not do, for there is some evi-
dence tending to establish the charge of the declaration as
to failure to ring a bell, some evidence tending to show that

630    APPELLATE COURTS OF ILLINOIS.

the south-bound train was standing at the crossing discharging its passengers when the north-bound train went by, and some evidence tending to show that the north-bound train was moved at this crossing at a high rate of speed. Although upon each of these several charges the manifest weight of the evidence is against the sustaining of the charge, yet in view of such evidence the trial court could not, nor can this court, make a final disposition of the cause, and it must be remanded for another trial. A very decided preponderance of the evidence goes to establish contributory negligence of Minard Maloney as the cause of the accident, but in view of his age, the question of his exercise of care was, we think, a question for the jury, and not, in the first instance, for the court. The judgment is reversed and the cause is remanded.