## F. J. Dewes Brewery Company v. Thomas Kerwin.

1. EVIDENCE—*Accounts Between Merchant and Customer Kept in Pass-book.*—Where the accounts between a merchant and customer are kept in a book in the customer's possession, except at the end of each month, when it was taken to the merchant's place of business to be balanced, and the customer acquiesces in the condition of his account, as shown therein, for a long period, his action tends to establish an admission of its correctness.

2. INSTRUCTIONS—*That Errors Made by a Customer in a Statement Between a Merchant and Himself Render Statement Not Binding upon Customer, is Erroneous.*—An instruction which in effect tells the jury that, in a long series of settlements in which the balance had been stated each time, if one party commits intentional error, then such accounting is not binding upon the party committing it, is erroneous.

**Trespass on the Case**, upon promises. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed April 28, 1903.

**Statement.**—In the court below appellee, proprietor of a saloon at number 294 South Clark street, claimed a rebate of $1 per barrel for each and every barrel of beer bought by him from appellant. It appears that appellee bought beer of the appellant brewery for a period extending from the first day of May, 1896, to August, 1897, and that there were delivered 1,720 barrels of beer during that time.

It is admitted by both parties to this suit that it was agreed that the price was to be $5 per barrel. It is the claim of appellee, and that is the subject of this suit, that it was further agreed that he should be allowed on the price of each barrel delivered to him a rebate of one dollar.

F. J. Dewes Brewery Co. v. Kerwin.

WINSTON, BABCOCK, STRAWN & SHAW, attorneys for appellant; JOHN D. BLACK, of counsel.

Where an account is stated between the parties to a transaction, and the party to whom it is rendered has or should have knowledge of errors contained therein, he is estopped from denying its correctness, after the other party has acted upon it in such manner as to prejudice his rights. Gage v. Parmelee, 87 Ill. 329; Leather Manufacturers Bank v. Morgan, 117 U. S. 96; Allen-West Commission Co. v. Patillo, 90 Fed. Rep. 638.

Between merchants an account rendered and not objected to within a reasonable time becomes a settled account which is conclusive between the parties, unless fraud, mistake, omission or inaccuracy is shown. Mackin v. O'Brien, 33 Ill. App. 474; Neagle v. Herbert, 73 Ill. App. 17; B. S. Green Co. v. Smith, 52 Ill. App. 158; Concord Apartment House Co. v. Alaska Refrigerator Co., 78 Ill. App. 682; Gottfried Brewing Co. v. Szarkowski, 79 Ill. App. 583.

CORNELIUS S. SEE, attorney for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

The trial of this case resulted in a verdict for appellee in the sum of $734  Upon any theory of the evidence, the amount of the verdict can not be explained and there was no evidence to warrant or justify a compromise. The rebate claimed by appellee was $1 per barrel on 1,720 barrels, amounting to $1,720, and the balance due appellant as shown by the undisputed book account was $809.46, which sum subtracted from $1,720, would leave due appellee the difference, $910.54. The verdict of the jury, however, was $176.54 less than the amount due appellee, according to all the testimony of the case, provided a rebate of $1 per barrel should be allowed.

In Conrad Seipp Brewing Company v. Peck, 85 Ill. App. 637, this court said:  " A jury has no right to render a capricious and arbitrary verdict, in total disregard of the facts. A verdict should be consistent with at least some legitimate theory of the evidence;  *  *  *  and where it is not

warranted by any legitimate interpretation of the evidence or what may be fairly inferred from the evidence, it ought to be set aside." In the case at bar, appellee was entitled to a much larger judgment, or appellant was entitled to a judgment against appellee for $809.46. The only conclusion possible is, that the jury were incompetent or grossly careless in weighing the evidence of the case. We have therefore scrutinized with greatest care this record to determine if justice has been done.

There is such conflict in the evidence as to whether a rebate of $1 per barrel was agreed to be paid in May, 1896, that if there were no other evidence we would be disposed to accept the finding of the jury that there was an agreement to allow a rebate of $1 per barrel. However, the record shows that a book was kept at the saloon of appellee in which an account of the daily deliveries of beer was kept; that this book was left with appellee at all times, except at the end of the month, when it was taken to the brewery to be balanced. The cost of the beer and the payments were subtracted one from the other and the balance set down and the book immediately returned to the saloon, where it remained until the end of each month. At each of these times the balance then due from appellee was set down and the book marked with a rubber stamp, which stated clearly that it had been balanced and all rebates and omissions allowed, and that all claims and errors had been adjusted.

Appellee testified that he knew what was contained in the book, how the account was being kept and what the book showed. Although he saw the agent of the brewery every week and paid him money, he at no time during the entire period while he was taking beer from appellant stated or claimed that the account was not correctly shown therein or that he was entitled to rebates.

Appellant advanced for appellee the sum necessary to pay for his city license, and this sum also was charged against appellee in the beer-book. During all this period from May, 1896, to August, 1897, no claim whatever was

made by appellee for rebates and none demanded until the brewer not only insisted upon the payment of the balance due it as shown by the books, but sent for appellee to come to the brewery and pay them for the first time, accompanied by his lawyer. Appellee after selling out his business made this demand for rebates.

In view of the perfect knowledge which appellee had of the contents of the beer-book and the monthly settlement which it showed, good faith on his part required of him to have insisted that the statement that all rebates and credits of every nature were therein adjusted was incorrect.

Month after month for a period of more than fifteen months he saw these statements, but made no protest. His conduct is evidence tending to corroborate the statement of appellant's witnesses that no contract for rebates was made. The beer-book was much in the nature of a depositor's pass-book. The pass-book is to inform the depositor from time to time of the condition of his account, as it appears on the books of the bank. It not only enables him to discover errors to his prejudice, but supplies evidence in his favor in the event of litigation or dispute with the bank. The sending of his pass-book is in effect a demand to know what the bank claims to be the state of his account. The return of the book is the answer to that demand and in effect imports a request from the bank that the depositor will, in proper time, examine the account so rendered and either sanction or repudiate it. Leather Manufacturers Bank v. Morgan, 117 U. S. 96. It is improbable that a saloonkeeper whose license fee is advanced by the brewery would allow rebates to the amount of over $1,700 to accumulate without referring directly or indirectly to their existence. Where a customer retains a pass-book without objection to the account shown, thereby his action tends to establish an admission of its correctness. Such is the legal effect of an account rendered and retained without objection after the expiration of a reasonable time in which to object to the correctness of the charges. Weigle v. Brautigam, 74 Ill. App. 285, and cases there cited.

Some evidence was introduced of an attempt to make a settlement when appellee was called to the office of appellant. Appellant offered to make some rebates, which offer, however, was not accepted, and appellee and his attorney were driven from the office.

The abstract is in a somewhat confused state as to what admissions were made, but if any concessions were made, they were with a view to settlement.

The court committed manifest error in giving an instruction asked by appellee, to the giving of which instruction exception was properly preserved. The instruction states: "If there was committed any error in such settlements, whether accidental or otherwise on the part of the plaintiff, then such accountings and settlements are not binding upon the plaintiff." It is suggested that a similar instruction was approved in Eddie v. Eddie, 61 Ill. 134, but in the instruction of that case the language was as follows:

"If there was committed any error in such settlement, accidental or otherwise on the part of the plaintiff, then such accounting or pretended settlement is not binding on the defendant."

The Supreme Court say that where one party has committed an error in such settlement, it is not binding on the other party, and this, whether the error be accidental or otherwise. The instruction in the case at bar told the jury that in the long series of settlements in which the balance had been stated each time, if one party committed intentional error—or the wording is accidental or otherwise—then such accounting is not binding upon the party committing it. For the reason pointed out and other minor defects, the instruction ought not to have been given.

After a thorough review of this record, we are of the opinion that the judgment in this case is wrong. The judgment of the Circuit Court must therefore be reversed and the cause remanded.