DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1909.

---

Steve Galomopoulos, Appellee, v. Nick Petropoulos, Appellant.

## Gen. No. 14,407.

1. VERDICT—*effect of inconsistent.* A verdict which is inconsistent with any possible theory of the case consistent with the evidence, will be set aside on review.

2. VERDICT—*when set aside as against the evidence.* A verdict manifestly against the preponderance of the evidence will be set aside on review.

Assumpsit. Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed February 16, 1909.

**Statement by the Court.** In the month of February, 1904, appellee, Galomopoulos, and appellant, Petropoulos, formed a copartnership for the purpose of conducting a meat market and grocery in the city of Chicago. They conducted their business until May, 1906, when the partnership was dissolved. Thereupon they considered plans or methods for the settlement of their business, and on May 25, 1906, appellee offered to purchase the share or interest of appellant for $2,900. This offer appellant accepted, and appellee paid appellant $200, which he borrowed from one

(1)

Kapsamalacos, to bind the bargain. Appellee then took possession of the store and property and conducted the business for three days, during which the receipts from the business amounted to about $125. It is claimed by appellee, but denied by appellant, that the next day after appellee agreed to purchase appellant's share and interest, appellee, at appellant's request, paid appellant $300. Appellee, finding that he was unable to raise sufficient money to purchase his partner's interest, on the third or fourth day after he had taken possession under his agreement to purchase, informed appellant that he did not have the necessary amount of money and could not go on with the agreement. Appellant, after further negotiations, made a proposition to appellee to purchase his interest for $2,100, as appellant says, or $2,300 as appellee claims, and to repay the $200 which appellee had paid to appellant, appellee to retain the $125 which he had received while running the business. Appellee testified that he asked appellant about the $500 he had given appellee and appellant said he would return it. Appellant on the other hand testified that he was to return to appellee the $200 which he had received, and that he did not receive from appellee the $300 and did not agree to return to him $500 so paid to him.

The parties, under the impression that they had come to an agreement, repaired to the Greek Consul's office in Chicago to have the necessary papers prepared for the dissolution and settlement of the partnership. Appellant paid appellee $1,300 in cash and gave him two notes of $500 each for his share or interest in the copartnership and then signed the following agreement:

"CHICAGO, ILLINOIS, May 28th, 1906.

We the undersigned, Steve Galomopoulos, and Nick Petropoulos, do hereby dissolve our copartnership in the business of the Grocery and Meat Market at No. 49-51 Blue Island Avenue, Chicago, Illinois, said Nick Petropoulos remains the sole owner of the

business, leasehold and deposit with the Edison Electric Company and that all accounts among said co-partners are settled this date, either co-partner has any claim against the other.

NICK PETROPOULOS,
STEVE GALOMOPOULOS."

The testimony of Dr. Solopoulos, the Greek Consul, is in substance that he asked both parties whether there were any other accounts between them except the $1,000 of notes, and they told him there were none. He told them, "they must have an agreement between them that they settled every account between them. I suggested to my secretary that he write on that paper that they have absolutely no account between them and that everything was settled. I asked them again after the paper was signed whether either one claimed anything from the other and they said, No."

Appellee brought this action in the County Court against appellant for $500, $200 of which he paid appellant to bind the bargain which was abandoned, and $300 of which he claims to have paid appellant on the following day. The jury returned a verdict for $300 in favor of appellee and the court, after overruling a motion for a new trial, entered judgment thereon from which this appeal is taken.

NOVAK & POLLACK, for appellant.

ROBERT H. STOLL, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The only question presented by the record is whether the weight of the evidence justifies the verdict and judgment. We are satisfied from an examination of the evidence that a new trial should be awarded. The judgment is inconsistent with any possible theory of the case consistent with the evidence. The evidence justifies a verdict and judgment for $500 in favor of the plaintiff, or a verdict for the defendant. It is an

action *ex contractu,* and if the jury were justified in finding against the defendant it should have been for $500. The evidence as to the $200 is more definite and clear than that relating to the $300 item which the jury appears to have adopted as the basis of its verdict. Furthermore, the preponderance of the evidence in our opinion, is against the verdict. The jury, as it seems to us, has transgressed the rule applicable to the case in awarding the damages expressed in their verdict. We have no hesitation in setting aside the verdict. The court erred in overruling the motion for a new trial.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*