Manhattan Brewing Company, Plaintiff in Error, v. Margaret Riordon, Defendant in Error.

Gen. No. 15,373.

VERDICTS—*when set aside as against the evidence.* A verdict will be set aside on review where the same is clearly and manifestly against the weight of the evidence.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded. Opinion filed October 20, 1910.

MAYER, MEYER & AUSTRIAN, for plaintiff in error.

McCABE & CLOYES, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court. The plaintiff in this action is a brewer and the defendant a saloon keeper. Plaintiff's claim is for beer sold and delivered to defendant, upon which a balance of $406.82 was claimed to be unpaid and also the sum of $93.35 unpaid on two promissory notes of defendant owned by plaintiff. As to the amount due on the notes there is no dispute. A jury trial resulted in a verdict in favor of plaintiff and against defendant for $94.56, for which amount the trial judge gave judgment after overruling a motion for a new trial. Plain-

tiff sues out this writ of error and contends that the verdict and judgment should have been for the full amount of the claim, which would have included the $406.82 balance due on beer account.

It is evident that the beer account was totally disregarded by the jury and the trial judge. Why, we are, in the condition of the record, unable to perceive. While there are other items of claim about which evidence was given *pro* and *con,* it was afterwards stricken from the record and the jury instructed to disregard it in arriving at their verdict. The propriety of the court's action in this regard is not challenged.

There is literally no evidence in this record which contradicts, or tends to contradict, plaintiff's proofs as to the amount of beer delivered, the price charged for it, or the accuracy of the credits given for payments made on account of beer delivered. The beer account was kept in a book, called the beer book, which was retained by defendant. From this book the account of plaintiff for the beer was checked up and adjusted at the end of each month, and the book thereafter delivered to defendant, who retained it until the succeeding period of adjustment arrived. Defendant, on notice to produce this book on the trial, failed to do so, and the ledger account was offered as secondary evidence to prove the contents of the beer book; and while the trial judge permitted the bookkeeper to testify as to the amount shown due upon the beer book and upon the ledger account, which amounts were in harmony, yet the court excluded the ledger account. This was error and we think resulted in misleading the jury to the extent of their ignoring the whole of the beer account. While defendant claims she ought to have been allowed a lump sum of $500 as a credit, yet she states no cogent reason for such claim. She contends that she was overcharged, but fails to designate any item of overcharge. She testified that she told plaintiff's agent that she should be allowed $500 on her license, but gives no reason why such allowance should be made.

That the ledger account was admissible as secondary evi-

dence is settled in Dewes Brewing Co. v. Kerwin, 107 Ill. App. 620, a case in which the precise question here involved was there decided.

At the conclusion of all the evidence plaintiff's counsel requested the court to instruct the jury to return a verdict in its favor for the amount of its claim. In the condition of the record there was in fact no evidence tending to question the amount claimed by plaintiff as due to it from the defendant. The amount unpaid on the two notes was admitted and there was no countervailing evidence on the part of defendant disputing the quantity of beer delivered, the price charged or the credits given for amounts paid by, or allowances made to, defendant. As the case then stood no evidence had been adduced contradictory of any item constituting plaintiff's claim.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*