## Nick Selamakos, Appellee, v. Victory Ice and Ice Cream Company, Appellant.

### Gen. No. 31,583.

1. CORPORATIONS—*general issue as admitting existence of.* In assumpsit against a corporation for services, the plea of the general issue admits defendant's corporate existence at the time of the contract of hire.

2. CORPORATIONS—*necessity of proving charter date.* In assumpsit for services to a corporation, the defendant cannot prove the contract of hire was made before its corporate organization unless it places in evidence the charter or shows when it was granted.

3. TRIAL—*when verdict for less than claim is inconsistent with proof.* In assumpsit for services, where the only evidence in support of the alleged contract on which the action is based is that given by plaintiff and his evidence is directly contradicted by the evidence of defendant's officers denying that any such contract ever existed, the verdict should be either for the plaintiff for the amount claimed, or for the defendant, and a verdict for plaintiff for a part of the amount claimed is inconsistent with the proof and will not be permitted to stand.

4. TRIAL—*verdict for half plaintiff's claim as showing compromise.* In assumpsit for services, a verdict for half plaintiff's claim indicates lack of due consideration of the evidence by the jury and a compromise verdict.

Appeal by defendant from the Superior Court of Cook county; the Hon. WILLIAM J. LINDSAY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Reversed and remanded. Opinion filed October 19, 1927.

KIRKLAND, PATTERSON & FLEMING, for appellant; DAVID JACKER, JOSEPH H. PLECK and GEORGE T. TOWNLEY, of counsel.

B. M. SHAFFNER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This action is assumpsit, and the declaration is encompassed within one count; claim is for work and services plaintiff claims to have bestowed on defendant at its request prior to September 25, 1921; the *ad damnum* was fixed at $1,500. By the affidavit of claim filed with the declaration it is stated that plaintiff's demand is for wages for work and services performed for defendant as chauffeur and mechanic from November, 1919, to September 25, 1921; and that there is due to plaintiff the sum of $1,500. To this declaration defendant interposed, first, a plea of the general issue, and second, a plea of payment, which added nothing to the plea of the general issue. With the foregoing pleas and affidavit a plea of set-off was filed for $22.84. Nothing is urged here regarding the plea of set-off.

There was a trial before court and jury with a verdict, finding the issues in favor of plaintiff, with damages assessed at $1,020. Motions for a new trial and in arrest of judgment were overruled and judgment entered upon the verdict, from which defendant prosecutes this appeal and asks for a reversal.

Plaintiff contended that he worked for defendant from October 1, 1919, to June 1, 1920, under a contract with Gust Chelamengos, the president of the defendant, at an agreed salary of $60 a week, and that he started to work October 1, 1919, and continued to work for defendant until June 1, 1920; that among other things he drove an automobile for defendant; that he received no money during his employment for his work, and quit June 1, 1920.

Defendant contends that the corporation was not in being at the time of the making of this alleged contract, and therefore was not bound thereby, claiming that the charter of the corporation was dated October 19, 1919.

There are two reasons why such contention cannot be considered on this appeal: First, the plea of the general issue admits the existence of the corporation,

and second, there is no evidence in the record as to when the charter was issued to defendant. All that was said in regard to it was by counsel for defendant, who said he had the charter in his possession, and that October 19, 1919, was the date of its issue. The charter was never put in evidence, and therefore in the eye of the law there is no evidence in this record as to the date when the charter was granted to the defendant corporation.

In the first place it was incumbent upon the plaintiff to prove his contract by a preponderance or greater weight of the evidence. This he has utterly failed to do. He tendered no proof to sustain his contention that he made an oral agreement with the president of the defendant company to serve it at a wage of $60 per week. The president of the corporation denies *in toto* that he made any such agreement, or that any conversation was had between him and plaintiff in regard thereto. It also appears that one Richard A. Keller, who was secretary and treasurer and general manager of the defendant corporation, was the only person authorized to make contracts of employment for defendant. He denies that any such agreement was made. It does, however, appear that plaintiff was employed by defendant in June, 1920, as an automobile mechanic, at a salary of $60 a week, and that he continued in such employment until September, 1921, when he quit of his own accord, and it is conceded that during that time he was regularly paid his salary, and no claim is made for compensation by plaintiff during that period of employment. It is also without contradiction that plaintiff never made any demand upon the defendant or any of its officers for any salary claimed from October 1, 1919, to June 1, 1920, and the only demand ever received by defendant of plaintiff's claim was a letter dated October 2, 1924, from his lawyer, claiming that there was due to plaintiff the sum of $2,040, and threatening suit un-

less the claim was paid. It is also in evidence that plaintiff, during all of the time he claims wages from defendant, was employed by the Victor Auto Works at Chicago.

Plaintiff left for Greece September 28, 1921, and returned to Chicago September 1, 1924. Plaintiff after his return from Greece applied to the company for employment and was refused, because there was no vacancy in the position which he applied for, and defendant was unwilling to discharge a working employee in order to give a job to plaintiff.

While there is a great deal of testimony regarding plaintiff's having been seen driving automobiles with officers of the defendant company, and eating in restaurants during the time for which he makes the claim in suit, yet there is not one word of corroboration of his testimony that he ever had a talk with defendant's president in regard to his going to work for the defendant company at a salary of $60 per week from October 1, 1919. All of this testimony is without corroboration of plaintiff's alleged contract with the defendant.

It is, indeed, remarkable, to say the least, that plaintiff should leave the employ of the defendant at the salary he alleges was agreed to be paid him, and then after working for defendant for a considerable time for wages he agrees were promptly paid him by defendant, leave for Greece without making any demand or claim for any wages due him prior to June 1, 1920, and that on his return from Greece making no demand for such wages, and then not until he was unsuccessful in procuring employment with defendant did he cause a demand to be made by his lawyer with the threat of suit if the demand was not met.

Furthermore, the verdict and judgment are inconsistent with the proofs. Either the plaintiff was entitled to a verdict for the full amount of his claim or the defendant was entitled to a verdict in its favor,

and as the contract claimed by plaintiff was not supported by any evidence other than his own, and the alleged terms of that contract being denied explicitly by the president and secretary and treasurer and manager of the defendant, to be consistent, the verdict of the jury should have been for the defendant. As defendant argues in its brief, "there is no middle ground."

As said in *Higgins v. Lee,* 16 Ill. 495, we likewise say: "Where it is apparent, as it is here, that the jury must have misunderstood, or disregarded the evidence or instructions of the court, or neglected properly to consider the facts, or overlooked prominent and essential points in them, and have failed to do substantial justice, we are compelled to set the verdict aside and grant a new trial. *Wendell v. Safford's Executor,* 12 N. Hamp. R. 171; *Inhabitants of Bangor v. Inhabitants of Brunswick,* 27 Maine R. 351; *Gordon v. Crooks,* 11 Ill. R. 142."

In *Galomopoulos v. Petropoulos,* 147 Ill. App. 1, the court said: "The only question presented by the record is whether the weight of the evidence justifies the verdict and judgment. We are satisfied from an examination of the evidence that a new trial should be awarded. The judgment is inconsistent with any possible theory of the case consistent with the evidence. The evidence justifies a verdict and judgment for $500 in favor of the plaintiff, or a verdict for the defendant. It is an action *ex contractu,* and if the jury were justified in finding against the defendant it should have been for $500." The verdict in this case was for $300. To a like effect is *Conrad Seipp Brewing Co. v. Peck,* 85 Ill. App. 637.

In *Cody v. Commercial Fire Ins. Co.,* 13 Ill. App. 110, where the claim was for $500 on a policy of insurance against loss by fire, the verdict was for the plaintiff with one cent damages, and the court said:

"The verdict was inconsistent and absurd. The plaintiff introduced evidence tending to support the allegations in his declaration, and the jury found the issues in his favor. By the undisputed evidence the damages proved amount to the sum of $540. If the plaintiff was entitled to recover, the verdict should have been for that sum; if he was not entitled to recover, the verdict should have been for the defendant. The record as it stands, is simply a judicial burlesque, and, if allowed to remain unreversed, would reflect unfavorably upon the administration of justice in courts of law."

There are many other questions argued in the briefs, but they are all subsidiary to the one above discussed. And while there are errors in instructions and in the rulings of the court in the admission and refusal of proffered testimony, in the view which we have taken of the case as above outlined, it is not deemed profitable to further discuss other errors. It is a remarkable coincidence that the verdict of the jury is just half of the amount of the claim made by plaintiff's attorney in his letter of demand to defendant. Such action shows, in our judgment, a lack of due consideration of the evidence by the jury, and that their verdict was instigated by a spirit of compromise, a spirit which the law favors as between parties, but condemns when it is the controlling factor in the verdict of a jury.

The plaintiff failed to sustain his claim of a contract of employment with defendant as of October 1, 1919, by a preponderance of the proof. Therefore the judgment of the superior court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

TAYLOR, P. J., and WILSON, J., concur.