## Louis Feldman, Appellee, v. A. Karn, trading as A. Karn & Company, Appellant.

### Gen. No. 31,875.

1. EVIDENCE—*number of witnesses affecting weight of evidence.* Where there is a conflict in the testimony on an issue of fact in a nonjury trial, and two witnesses for the defendant testify against the one witness for the plaintiff, the court should find for the defendant, all the witnesses being equally credible.

2. EVIDENCE—*when plaintiff fails to produce preponderance of evidence.* Where a former employee sues to recover a specific sum of money from the employer and testifies in a nonjury trial that the employer promised in the presence of a named person to pay him that sum, and the named person as well as the defendant testifies that no such promise was made, and the witnesses are equally credible, plaintiff fails to prove his case by the greater weight of the evidence and the court should find for the defendant.

3. APPEAL AND ERROR—*reversal of judgment against the weight of evidence.* A judgment on an issue of fact which rests for its foundation against the manifest weight of the evidence will be reversed.

4. APPEAL AND ERROR—*right to enter judgment for appellant on reversing the appealed judgment.* The Appellate Division on reversing a judgment for the plaintiff on an issue of fact which rests for its foundation against the manifest weight of the evidence, may enter a judgment for the defendant.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN H. LYLE, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Reversed and judgment here of *nil capiat.* Opinion filed December 21, 1927.

MCINERNEY & POWER, for appellant.

LOUIS J. JACOBSON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The relationship of the parties to this suit was that of master and servant. The plaintiff worked for defendant from September 15, 1925, to December 12, 1925, at a varying salary of $35, $40 and $45 per week. On the last-mentioned date he quit work. Up to that time he had been paid regularly his salary in the varying sums above set out. There is no contention regarding the accuracy of this statement, but the plaintiff sued defendant for $300, claiming that that sum was due him on a promise of defendant when he quit the employment to pay him that sum.

There have been two trials, one by default, which was vacated, and the second trial before the court by agreement of the parties, in which there was a finding and judgment for the plaintiff in the sum of $300, from which judgment defendant prosecutes this appeal, seeking a reversal of the judgment, and a finding by this court in his favor.

Plaintiff testified on the trial that defendant promised to pay him $300 in addition to his weekly salary in the presence of Mr. Saul Kublin. To this conversation plaintiff proffered no supporting proof. The

defendant, as a witness in his own behalf, denied any such conversation or any promise to pay plaintiff the $300, which he claimed, in the presence of Kublin or anyone else; that plaintiff did not ask for $300, and that defendant did not promise to pay plaintiff $300 in Kublin's presence; and "that no such conversation ever took place."

In delivering his judgment the trial judge said: "Well, there is a conflict in the testimony, and where two credible witnesses, equally credible, testify against one, and they are equally credible, why, there is nothing for the court to do but to find, under the circumstances, for the defendant." In this statement we are in accord. The trial judge continuing made this rather remarkable statement: "But in this case this young man, Mr. Feldman, comes on the stand and tells a straightforward story, which indicates that he is more than a truck driver; that he has known this young man here, the son-in-law, or whatever he is, of the defendant, for four years; that they knew the kind of work he did and what his work was; and I believe, although it went into the record, although it should have been stricken out, I believe that this work here which this man did warranted him in going out and getting such a young man as this man here. Married man with a family—$35 a week—a union man, most any kind of work, would get more than that."

Mr. McInerney interrupted: "There is no evidence that he was a union man."

The Court: "I say, a union man would get more than $35 a week, most any kind of a union man, and he is instructing union men. I am very glad to find for the plaintiff in this case."

On the evidence in the record, as above recited, and the fore part of the statement of the court in delivering his judgment, the finding should have been for the defendant. Plaintiff predicated his contract on the sworn fact (which evidently was not true) that the

promise to pay him the $300 was made in the presence of Kublin. This statement of his falls to the ground when Kublin himself, as well as defendant, testified that no such promise was made, as detailed by plaintiff in his testimony. It is not a question of credibility. It is a question of weighing the evidence, and in so doing plaintiff fails to meet the basic legal requirement that he prove his case by a preponderance or greater weight of the evidence.

· We have no fault to find with the cases cited by plaintiff. The difficulty is they are not applicable to the facts in the record. A judgment which rests for its foundation against the manifest weight of the evidence must be reversed. *Western Union Cold Storage Co. v. Warner*, 78 Ill. App. 577; *Galomopoulos v. Petropoulos*, 147 Ill. App. 1; *Chicago City Ry. Co. v. Maloney*, 99 Ill. App. 623; *Johnston v. Sochurek*, 104 Ill. App. 350.

Such is the foundation for the judgment in this case, and it is our duty to do here, what the trial judge should have done, enter the finding for the defendant.

Therefore the judgment of the municipal court is reversed and a judgment entered here for defendant of *nil capiat* and for costs.

*Judgment reversed and judgment here of nil capiat.*

TAYLOR, P. J., and WILSON, J., concur.