(No. 23136.—

ROBERT H. HOLMES, Trustee, *vs.* THE FIRST UNION TRUST AND SAVINGS BANK.—(THE FIRST NATIONAL BANK OF CHICAGO, Trustee, Appellee, *vs.* ROBERT H. HOLMES, Trustee, *et al.* Appellants.)

*Opinion filed October 24, 1935—Rehearing denied Dec. 5, 1935.*

ROBERT H. HOLMES, for appellants.

GEORGE GILLETTE, CASSIUS A. SCRANTON, and CARL F. FAUST, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This is an appeal from a decree of the circuit court of DuPage county dismissing appellant Holmes' complaint for want of equity and granting the prayer of appellee's cross-complaint. A temporary injunction was made permanent, and the appellants, Robert H. Holmes and Mary Elizabeth Shipley, were restrained from interfering with the possession of the First National Bank of Chicago, as trustee under the last will of George Ebeling, deceased.

Robert H. Holmes, trustee, filed his complaint against the First Union Trust and Savings Bank, a corporation, to remove two deeds as clouds upon his title to the house and lot in question. The first deed purported to have been made by Holmes, trustee, to Alicin Cossey, also known as Alicia Cossey, on May 10, 1933, and to have been acknowledged before Nelson Foley, a notary public, on May 15, 1933. It was recorded May 22, 1933. The other deed was made by Alicin Cossey to the First Union Trust and Savings Bank, a corporation, as trustee. It was dated and acknowledged on May 10, 1933, and was recorded May 23, 1933. Both conveyed the real estate in question.

As indicated above, suit was filed against the First Union Trust and Savings Bank as trustee. It was stipulated that this bank was incorporated, and on May 10, 1933, had authority under the laws of Illinois to do a trust business. It was further stipulated that it merged with the First National Bank of Chicago, a corporation organized under the laws of the United States, and that the latter bank was authorized by the Comptroller of the Currency to carry on a trust business, and that it had similar authority from the Auditor of Public Accounts of Illinois. This latter bank filed its answer as trustee under the will of George Ebeling, deceased. It alleged that the deed from Alicin Cossey to the First Union Trust and Savings Bank as trustee, etc., was made for a good and valuable consideration paid in good faith in reliance upon the public records of DuPage county, and that it had no knowledge whether the deed of May 10, 1933, from Robert H. Holmes, as trustee, to Alicin Cossey was made without "notice, consideration, knowledge, authority or connivance" upon the part of Holmes, and that it neither admitted nor denied the same, but denied that the deeds from Holmes to Cossey and from her to this defendant were fraudulent and denied that Holmes was entitled to any relief. A replication was filed to this answer.

The First National Bank of Chicago, as trustee, also filed its sworn cross-complaint against the appellants. It alleged that George Ebeling at his death was owner of a $5000 mortgage covering the real estate described in the complaint and that the mortgage indebtedness was due on January 3, 1932; that upon his death title to the mortgage became vested in the executors under his will, and that upon the discharge of said executors the note and mortgage were turned over to the Union Trust Company as trustee under his will, and that by successive consolidations the ownership of the note and mortgage became vested in the First National Bank of Chicago as such trustee. The cross-complaint then described the mortgaged premises, and it was alleged that they were of a less value than $6000 and were scant security for the mortgage debt. It alleged that on May 10, 1933, default having been made in payment of the principal debt of $5000 and interest due July 3, 1931, and thereafter also in the payment of general taxes and special assessments on the property, an agreement was entered into with Alicin Cossey for cancellation of the mortgage indebtedness and payment of $275 to her for a deed conveying title to the premises to appellee, cross-plaintiff; that thereafter the mortgage debt was canceled, the $275 was paid and the deed from Alicin Cossey was executed and filed for record; that later cross-plaintiff leased the premises to one A. N. Breland at $35 a month from August 13, 1934, to September 30, 1935; that after filing his complaint, appellant Holmes, as trustee, made a deed purporting to convey the property in question to Mary E. Shipley. It alleged that on September 21, 1934, she filed in a justice court a forcible detainer action against A. N. Breland, the tenant. This was also after Holmes' suit was filed. The prayer of the cross-complaint was that title be quieted in cross-plaintiff, and in the event the court should find that it was not entitled to this relief, that the mortgage for $5000 be foreclosed as a first and

prior lien upon the land in question. On December 24, 1934, Holmes as trustee and Mary E. Shipley filed answers denying that appellee was entitled to the relief prayed in its cross-complaint.

It was stipulated that George C. McDonald and Grace P. McDonald executed the $5000 note described in the trust deed made by them conveying the land in question to the Union Trust Company as trustee, and that it was recorded January 12, 1922; that interest on this note was paid up to January 3, 1931, and that nothing has been paid by way of principal or interest since then. It was also stipulated that the Union Trust Company was an Illinois corporation authorized to carry on a trust business; that the First Trust and Savings Bank of Illinois was incorporated under the Illinois laws to carry on a trust business, and that the Union Trust Company and the First Trust and Savings Bank were consolidated under the name of First Trust and Savings Bank, and that subsequently thereto the name was changed to First Union Trust and Savings Bank. It was further stipulated that records of the Union Trust and Savings Bank and the First National Bank of Chicago showed payment of the $275 to Alicin Cossey and payment of the sums of money alleged in the cross-complaint to have been paid out on account of the premises in question.

The evidence shows Robert H. Holmes, as trustee, acquired title to the premises by deed from Alicia Cossey, dated March 22, 1932, recorded April 23, 1932, subject to a mortgage of $5000; that on May 22, 1933, the records of DuPage county showed a conveyance of the property from Robert H. Holmes, as trustee, to Alicin Cossey, also known as Alicia Cossey, dated May 10, 1933, acknowledged May 15, 1933, before Nelson Foley, a notary public of Cook county. It also shows that on May 22, 1933, the First Union Trust and Savings Bank, as trustee under the

will of George Ebeling, deceased, was the owner of the $5000 note and mortgage executed by the McDonalds, and that on that date the principal debt was due and unpaid, together with interest thereon from January 3, 1931; that at that time there was due, including principal, interest and taxes paid by appellee, approximately $6500; that Alicin Cossey made a contract with the First Union Trust and Savings Bank as trustee to convey the premises to it upon cancellation of the mortgage indebtedness and payment to her of $275, which was paid, and that thereupon she executed a deed which was delivered and recorded May 23, 1933; that thereafter the premises were leased to A. N. Breland, who went into possession and so remained at the time of the trial of the case.

It is shown that neither Holmes nor Mary E. Shipley ever paid any taxes on the premises or interest on the mortgage indebtedness, and that neither of them ever made any repairs, collected any rents or took possession of the premises.

A witness called by Holmes, named Charles L. Gansler, testified that on May 10, 1933, he had a conversation with a man named Louis J. Robertson in which Gansler told Robertson that the mortgage on this property was about to be foreclosed. He also told Robertson to see appellant Holmes with a view to getting a deed from Holmes to the property. Gansler testified that at that time he was sick; that Robertson came back with the deed and told Gansler he had better see Holmes and straighten it out with Holmes when Gansler got out of the hospital, and that by "straightening it out" he supposed Robertson meant to pay Holmes. He said Robertson made out the deed; that Gansler never had it in his possession; that Robertson did not say who signed the deed; that he did not say that he, Robertson, had signed it and did not say that Holmes had not signed it. This witness also testified that Robertson had died in New Jersey shortly before the trial of the case.

Holmes denied having executed the deed to Alicin (also known as Alicia) Cossey dated May 10, 1933, and denied that he ever authorized anyone to execute it for him. He denied knowing Robertson or ever having seen him. He also testified that Nelson Foley, the notary who took the acknowledgment of the deed of May 10, 1933, had died approximately six months before this suit was commenced.

Although Holmes denied that he was holding title to the premises as security for a debt due from Gansler to a Miss Shipley, he made admissions on cross-examination which indicate that this was the real reason why he held the title.

It will be noted that both the notary (Foley) and Louis J. Robertson were dead at the time of the trial. The deed of May 10, 1933, did not reach the hands of Gansler and the original was not in evidence. No one except Holmes gave testimony to overcome the probative force of the certificate of acknowledgment, which was a part of that deed.

Mary E. Shipley took title after this suit was instituted and could have no greater rights than her grantor, Holmes. The contention that her forcible detainer action could not be enjoined is without merit.

The appellants seek for the first time here to make the point that the deed from Holmes, as trustee, to Alicin Cossey did not bear a seal. It is a settled rule of this court that a party will not be permitted to raise objections here which were not urged in the trial court. (*Morey* v. *Brown,* 305 Ill. 284, 286; *Dacey* v. *Goll,* 242 id. 606.) This point cannot, therefore, be considered.

Where, as here, a deed is shown to have been acknowledged and contains the certificate of an officer authorized by law to take acknowledgments, the certificate of such officer showing that the deed was executed and acknowledged by the grantor cannot be overcome or impeached by the testimony of the grantor, alone. *Jaworski* v. *Sujewicz,*

334 Ill. 19, 22; *Huston* v. *Smith,* 248 id. 396; *Kosturska* v. *Bartkiewicz,* 241 id. 604, 608.

Other points are urged by appellants in their brief, but since they have failed to show that they have any interest in this property these points need not be considered.

For the reasons stated, the decree of the circuit court of DuPage county is affirmed.           *Decree affirmed.*