Elva Paschall, Appellee, v. Dennis Reed, Administrator of Estate of Oren Coleman, Deceased, Appellant.

Opinion filed October 30, 1943.

E. E. DENISON, of Marion, for appellant.

D. L. DUTY, of Marion, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Williamson county, Illinois, in the sum of $4,750, in favor of appellee, Elva Paschall (hereinafter called plaintiff), and as against appellant, Dennis Reed, as administrator of the estate of Oren Coleman, deceased (hereinafter called defendant).

The action originated in the county court of Williamson county, acting in probate, in which plaintiff filed a claim recited to be for money deposited with Oren Coleman and in which claim plaintiff contends that she was entitled to the sum of $4,750. The case was tried by a jury in the probate court, and a verdict was there returned in favor of the defendant. Plaintiff appealed to the circuit court where the case was again tried. In the circuit court the jury returned the following verdict, "We, the jury, find the issues in this case for the plaintiff, Elva Paschall, and we assess plaintiff's damages at $1,000.00." The only evidence of the amount of money delivered or deposited with Oren Coleman in his lifetime, the amount of which was to be returned to plaintiff, was $4,750. At the close of all the evidence plaintiff filed a motion for judgment notwithstanding the verdict, and in the alternative, for a new trial. Defendant had filed a motion for a directed verdict, and thereafter filed a motion for judgment notwithstanding the verdict and for new trial, and the court below denied defendant's motion for judgment notwithstanding the verdict and motion for new trial, and allowed plaintiff's motion for judgment notwithstanding the verdict and entered judgment in favor of plaintiff in the sum of $4,750.

The facts, as disclosed by the evidence, indicate that plaintiff, together with her mother and another elderly lady who was a close friend of her mother, testified that about a month before Oren Coleman died they went with plaintiff to a bank at Carterville, of which Coleman was the president, and that plaintiff left with the deceased Coleman, for safekeeping, the sum of

$4,750, which was counted out in the presence of all of the parties. There was some corroborating evidence that Coleman had the money in a large brown envelope which he showed to a sister-in-law of plaintiff a few days before he died, upon which was written the name of plaintiff and the figures "$4,750." On November 1, 1939, Coleman died suddenly while seated in his automobile parked in front of the bank. No papers relating to the claim of plaintiff and no specific envelope containing $4,750 was found either on his person or in any of his personal belongings. There was some evidence of an indebtedness of plaintiff to the bank and of the assertion of plaintiff's claim, which it is not necessary to discuss for the purposes of this opinion. On November 6, 1939, Dennis Reed was appointed as administrator of the estate of the deceased Coleman. He found two notes for $150 each, signed by the plaintiff, among the effects of the deceased, and sent notice to plaintiff that he held the notes and requested payment of such notes. In May of 1940, she came to see the administrator and did not deny that she owed the notes. She advised the administrator that Coleman was indebted to her, but did not state the exact sum at such time. On October 21, 1940 (before the expiration of a year from the time of the appointment of the administrator in the estate, but after a period of nine months expired from such time and from the first day of January, 1940) plaintiff filed the claim involved in this action.

Defendant relies for reversal upon the contentions that the court erred in granting plaintiff's motion for judgment notwithstanding the verdict and in entering judgment for $4,750, because of plaintiff's failure to ask for a directed verdict at the close of all the evidence; that the court had no jurisdiction to try the claim which was based on a·gratuitous bailment for the sole benefit of the bailor; that the claim of plaintiff was not filed in the county court of Williamson

county within nine months from the time of the appointment of the administrator and was therefore barred by the statute; that the claim necessarily involved a question of defendant's negligence, which is a tort action, of which neither the probate court nor the circuit court on appeal from a claim filed in the probate court, has jurisdiction; that the claim, being based on a gratuitous bailment, was contingent on due proof of negligence, and being so contingent was not provable in the probate court; and, likewise, contends that the court erred in the admission and exclusion of evidence and in the giving of certain instructions on behalf of the plaintiff, and in the refusal of other instructions requested by defendant.

No useful purpose would be served by discussing in detail all of the contentions set forth in the voluminous brief of defendant, or in discussion of the instructions to which reference is made, which we do not believe constitute reversible error in view of all the facts and circumstances in the case.

Primarily, all of the contentions made with respect to the character of the claim as being contingent, or based on a tort by reason of involving a bailment for the sole benefit of the bailor, is not sustained by the evidence. The claim, under the evidence, constituted merely a claim in the nature of money had and received by the deceased, Oren Coleman, for use of plaintiff so as to create the relationship of debtor and creditor. There was no contention that the exact identical bills be returned to plaintiff.

As to the contention that the claim was not filed in time, the saving clause of the Probate Act, which became effective January 1, 1940 (Ill. Rev. Stat. 1941, ch. 3, sec. 501 [Jones Ill. Stats. Ann. 110.598]) in specifically providing that the provisions for repeal contained in the act, should not in any way affect any claim, right, or remedy accruing under any law in force prior to the effective date of the act, preserved to plaintiff the period of time previously specified in

connection with the filing of claims as to the estate of the deceased Coleman, which was probated prior to the effective date of the act (see *In re Estate of Wynn,* 311 Ill. App. 190; *Hathaway v. Merchants' Loan & Trust Co.,* 218 Ill. 580). We do not believe the contention of defendant that the claim of plaintiff did not "accrue" until after January 1, 1940, so as to make the saving clause inapplicable, is either sound or justified by any interpretation of the act, or the law of this State. The claim filed by plaintiff was not barred by virtue of having been filed within one year of the time of the probate of the Coleman estate.

The contention made by defendant that the witnesses who testified for the plaintiff were disqualified because they were sureties on the bond of plaintiff, in which she appealed from the county court to the circuit court, is likewise unsound. Defendant insists that such witnesses are disqualified because they might become directly liable for costs. It has been repeatedly held by courts of review of this State that the interest which will disqualify a witness to testify in a suit involving an administrator must be legal, certain, and immediate interest, and such interest must be direct, certain, and vested. Otherwise it does not disqualify him and the interest in such event goes only to the credibility of the witness and not to the competency of such witness (*Stephens v. Hoffman,* 263 Ill. 197, 202; *Bellman v. Epstein,* 279 Ill. 34, 37). It was not certain that plaintiff would be required to pay costs even though judgment should have gone against her on her claim and such judgment would not thereby have become a direct obligation of the sureties, but would have been the obligation of plaintiff alone. There was, therefore, no direct liability upon such persons and they were clearly competent witnesses to testify in this cause.

A number of cases have been cited by both plaintiff and defendant to the effect that where a verdict is inconsistent with any legitimate theory of the evidence

and cannot be accounted for, except as the result of compromise, it should be set aside (*Albert Schwill & Co. v. Moulton*, 168 Ill. App. 519; *Galomopoulos v. Petropoulos*, 147 Ill. App. 1; *Conrad Scipp Brewing Co. v. Peck*, 85 Ill. App. 637). It is clear, under such circumstances, that a new trial would be justified. In the instant case it is conceded by both parties that plaintiff is entitled to a judgment for $4,750, or is not entitled to a judgment for anything, in view of the fact that the sole evidence of the amount delivered to defendant was, as indicated, to the effect that $4,750 had been delivered to the deceased. The verdict of the jury in the circuit court recited specifically that the issues were found in favor of plaintiff and the sole difficulty with the verdict, considering all the evidence, was that it was wholly inadequate. We are satisfied that under the provisions of Ill. Rev. Stat. 1941, ch. 110, pars. 192 and 259.22 [Jones Ill. Stats. Ann. 104.068 and 105.22], plaintiff was entitled to present a motion for judgment notwithstanding the verdict so that the amount of the verdict might be in accordance with the positive, direct and undisputed evidence in the case.

When both defendant and plaintiff filed motions for judgment notwithstanding the verdict the trial court was presented with the issue and had a right to determine, as a matter of law, whether, in view of the undisputed evidence, plaintiff was entitled to receive the full amount of the claim in accordance with the evidence (*Kanne v. Metropolitan Life Ins. Co.*, 310 Ill. App. 524; *Bituminous Cas. Corp. v. City of Virginia*, 314 Ill. App. 238).

We have reviewed the evidence in this cause carefully and are convinced that, as a matter of law, no defense to claim of plaintiff is presented by defendant, nor is there any disputed question of fact from which a jury would be justified in rendering a verdict for the defendant, viewing all the evidence in the cause

most favorably for the defendant (without attempting in any manner to weigh the evidence). It is significant that the factual finding of the jury was in favor of plaintiff. The amount of the verdict was not consistent with any of the evidence in the cause, but we do not believe that the power of the trial court to enter judgment in favor of plaintiff, notwithstanding the verdict of the jury, is reduced in any respect by reason of the fact that the jury for some inexplicable reason assessed the amount of plaintiff's damages improperly.

We believe that the circuit court of Williamson county properly allowed plaintiff's motion for judgment notwithstanding the verdict, and that the judgment of the circuit court of Williamson county should be affirmed.

*Judgment affirmed.*