Robert Hughes, Appellee, v. Perley M. Bandy, Jr., Minor, by Omer Poos, his duly appointed Guardian Ad Litem, Appellant.

Gen. No. 9,629.

474

Opinion
filed February 28, 1949.  Released for publication March 28, 1949.

OMER POOS, of Hillsboro, for appellant.

VANDEVER & BULLINGTON, of Hillsboro, for appellee.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

In this automobile collision case a jury returned a verdict for $615 in favor of the plaintiff appellee Robert Hughes and against the defendant appellant Perley M. Bandy, Jr., a minor. On the counterclaim of Bandy the jury found the counter-defendant Hughes not guilty.  Thereupon the plaintiff made a motion for a judgment in favor of the plaintiff for the sum of $1,218.25 notwithstanding the verdict.  The

trial court allowed such motion and entered judgment in favor of the plaintiff for $1,218.25.

Inasmuch as the only question for us to pass upon is the propriety of the allowance of such motion and the entry of such judgment, we consider it sufficient to only set forth such of the evidence as we consider material on such question.

The collision took place on School street in the City of Hillsboro, which street ran in an easterly and westerly direction and was paved, there being a black line in the center of the street. The Hughes car was traveling east and the Bandy car was traveling west. The "left front" of defendant's car "hit" the "left side" of plaintiff's car.

So far as is material the complaint and counter-complaint each charged that the opposite party negligently drove his car on the left or wrong side of the center of the street and against the car of the other party. The answers of each party denied any negligence.

Hughes testified that he was going easterly about 30 miles an hour and about 1½ feet south of the black line in the center of the street, and first saw the defendant's car when it was distant about 150 feet, that defendant's car was then on the north half of the street, that Hughes looked up again and the defendant's car was coming towards the Hughes car, and in so doing came 1½ to 2 feet across the black line, that he, Hughes, then applied his brakes and blew his horn and went further to the south side of the street, but that the left front of the defendant's car then hit the left side of the plaintiff's car.

His testimony was corroborated by the testimony of other witnesses.

Bandy testified that he was going westerly about 20 or 25 miles per hour on the north half of the street, that he saw the Hughes car when it was about 40 feet

distant, that the Hughes car swerved at the Bandy car, that Hughes "jerked his wheel to my side of the road and got over the center line and kept coming. I then cut on the other side of the road to avoid hitting him."

His testimony was also corroborated by the testimony of other witnesses.

Neither the plaintiff nor the defendant made any motion for a new trial, and the only question before us is whether or not under the particular facts of the case the trial court erred in entering judgment for the plaintiff in the amount of $1,218.25, instead in the amount of $615 as found by the verdict.

The motion for such judgment was in writing and asked for such judgment in the sum of $1,218.25, for the reason that in the trial court it had been stipulated that the damage to plaintiff's automobile was $1,050 and that the reasonable charge for plaintiff's hospital services was $23.25, and conceded that the reasonable charge for plaintiff's medical services was $40, and that the undisputed evidence showed that the value of plaintiff's loss of time for seven days of unemployment as a result of the collision was $105 making $1,218.25 undisputed damages.

In *McNeff v. White Eagle Brewing Co.*, 294 Ill. App. 37, cited by appellee, the action was based on an alleged breach of contract. The jury returned a verdict of $2,500 for the plaintiff. On plaintiff's motion for a judgment notwithstanding the verdict the court entered judgment for the plaintiff in the sum of $11,362. In affirming such judgment the Appellate Court reviewed the evidence and at page 43 said: "It follows from these considerations that there were no disputed questions of fact to be determined by the jury."

In *Paschall v. Reed*, 320 Ill. App. 390, an *ex contractu* action cited by appellee, a jury returned a verdict of $1,000 for the plaintiff. The trial court on

motion of the plaintiff entered judgment for the plaintiff in the amount of $4,750 notwithstanding the verdict. In affirming the judgment the Appellate Court at page 396 said: "In the instant case it is conceded by both parties that plaintiff is entitled to a judgment for $4,750, or is not entitled to a judgment for anything, . . . We have reviewed the evidence in this cause carefully and are convinced that, as a matter of law, no defense to claim of plaintiff is presented by defendant, nor is there any disputed question of fact from which a jury would be justified in rendering a verdict for the defendant, viewing all the evidence in the cause most favorably for the defendant (without attempting in any manner to weigh the evidence)."

We do not consider that either the *McNeff* case, *supra,* or the *Paschall* case, *supra,* is in point or helpful in arriving at a correct decision in the present case.

In *Chapman v. Deep Rock Oil Corp.,* 333 Ill. App. 529, a tort action, a jury returned a verdict of $2,000 for one of the plaintiffs. On motion of such plaintiff the trial court then entered judgment for $3,100 for such plaintiff notwithstanding the verdict. Although the evidence as to the liability of the defendant was conflicting, the Appellate Court in that case held that it was "proper for the trial court to mould the verdict . . . to meet the evidence . . . and to enter judgment notwithstanding the verdict for the amount which the evidence showed the plaintiff was entitled to recover." *Paschall v. Reed, supra,* was the only case which the court cited in support of such quoted language.

Appellee's brief contends in substance or effect that the decision of the Appellate Court in the *Chapman* case is binding on this Appellate Court. In support of such contention appellee cites article 6, section 11 of our Constitution of 1870; also ch. 37, par. 41 of Rev. Stat. 1947 [Jones Ill. Stats. Ann.

36.039], and *Hughes v. Medendorp,* 294 Ill. App. 424. We do not consider that such citations support such contention. While it is to be hoped that all of our appellate courts will agree on the law, until our Supreme Court has passed on the important question here presented we do not consider that we are bound to follow such decision of one of the other branches of our Appellate Court. (See *Parker v. Parker,* 335 Ill. App. 293.)

The right of either a plaintiff or a defendant to have a judgment notwithstanding the verdict is based on rule 22 of our Supreme Court [Ill. Rev. Stat. 1947, ch. 110, par. 259.22; Jones Ill. Stats. Ann. 105.22], which so far as is material, reads: "The power of the court to enter judgment notwithstanding the verdict may be exercised in all cases where, under the evidence in the case, it would have been the duty of the court to direct a verdict without submitting the case to the jury . . . ."

In *Merlo v. Public Service Co. of Northern Illinois,* 381 Ill. 300, 311, the court said: "The Civil Practice Act and Rule 22 of this court require the court to be governed by the same rules in passing upon a motion for judgment notwithstanding the verdict as govern it in passing upon a motion for a directed verdict. The power of the court is the same in both cases, the reason being that the motions are, in effect, the same. These motions present only a question of law as to whether, when all of the evidence is considered, together with all reasonable inferences from it in its aspect most favorable to the plaintiffs, there is a total failure or lack of evidence to prove any necessary element of the plaintiffs' case. . . . If there is in the record evidence which, standing alone, tends to prove the material allegations of the complaint, a motion for a directed verdict, or for judgment notwithstanding the verdict, should be denied, even though upon the entire record the evidence may pre-

ponderate against the party in opposition to such motion, so that a verdict in his favor could not stand when tested by a motion for a new trial.'' (See *Knudson v. Knudson,* 382 Ill. 492; *Walaite v. Chicago, R. I. & P. Ry. Co.,* 376 Ill. 59.)

In the *Merlo* case and other cases last above cited, the judgment notwithstanding the verdict was given in favor of the defendant. However, the plain wording of rule 22 would seem to clearly indicate that the applicable rule of law is the same whether such judgment notwithstanding the verdict is given for plaintiff or for defendant.

In *Larimore v. Larimore,* 299 Ill. App. 547, the judgment notwithstanding the verdict was for plaintiff, and in reviewing such judgment the Appellate Court said that ''the motion raises a question of law and all the trial court is empowered to do is determine whether there is, or is not, evidence which construed in its light most favorable to the party against whom the motion is directed, reasonably tends to prove the contention of such party. If there be such proof the court is bound to overrule the motion, even though of the opinion that the greater weight of the evidence may appear to be on the other side.''

In the instant case it is our opinion that the verdict was obviously a compromise verdict and should not have been permitted to stand if the plaintiff had made a motion for a new trial. Instead of making an alternative motion for a new trial the plaintiff made only a motion for judgment notwithstanding the verdict.

Following and guided by the rules laid down by the Supreme Court in the above-quoted language used in the *Merlo* case, *supra,* the trial court in passing upon the motion should have considered that the motion presented only a question of law as to whether, when all of the evidence was considered, in its aspect most favorable to the defendant, there was a total

failure or lack of evidence to prove any necessary element of the defendant's defense.

If we assume as true the evidence most favorable to the defendant, regardless of its weight, then the defendant had a complete defense. Therefore, it is our opinion that the granting of such motion and the entry of such judgment was a wrongful exercise of judicial power and authority which, in effect, deprived the defendant of a right of trial by jury.

By not making an alternative motion for a new trial the plaintiff has waived the making of any such motion. (*Todd v. S. S. Kresge Co.*, 384 Ill. 524.)

The judgment of the trial court is reversed and the cause is remanded with directions to the trial court to enter a judgment in favor of the plaintiff and against the defendant for the sum of $615 and costs of suit.

*Reversed and remanded with directions.*