John Samples and Ann Samples, Plaintiffs-Appellees, v. Morgan Mines, Inc., Defendant-Appellant.

Term No. 52–F–10.

Opinion filed May 2, 1952.
Released for publication June 5, 1952.

FRANKLIN & GARRISON, of Marion, for appellant.

RALPH W. HARRIS, and DAVID A. WARFORD, both of Marion, for appellees.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiffs, John and Ann Samples, recovered a judgment for $1,100 against defendant, Morgan Mines, Inc., in a trial before a jury. In the same suit the plaintiffs recovered a judgment for $600 against another corporate defendant who has not appealed. The first defendant, appellant here, now contends that the two defendants were joint tort-feasors and therefore separate verdicts and judgments were improper.

The complaint in this suit consists of two counts in tort. Count I sufficiently states a cause of action against appellant alone. Count II on its face purports to state a separate cause of action against the other defendant alone. Each defendant filed its own separate answer. Appellant's answer is directed only to Count I and denies each material allegation therein. The other defendant did the same as to Count II.

Neither defendant made any claim that the purported separate causes of action were one and the same, or concerned a single tort, or that, for any other reason, the defendants were joint tort-feasors, if liable at all.

Insofar as the relation of joint tort-feasor depends upon facts subject to proof, the jury was never called upon to consider and pass upon the evidence in that respect. Insofar as such relation depends upon rules of law, the trial court was not called upon to make any ruling pertaining thereto. Neither defendant requested any instruction upon the subject.

The usual motions for directed verdict, for judgment notwithstanding the verdict and for new trial were filed by appellant and overruled. None of the motions mentioned the point now argued. Thus it is apparent that this objection is raised for the first time upon this appeal.

██ It is a settled law that a party cannot raise objections in a court of review which were not urged in the trial court. *Holmes v. First Union Trust & Savings Bank,* 362 Ill. 44, 49; *Morey v. Brown,* 305 Ill. 284,

286; *Novotny v. Acacia Mut. Life Ins. Co.*, 287 Ill. App. 361, 365. The rule is clearly applicable here, since if the question had been raised in apt time, the trial court and jury could have passed upon it, or the plaintiffs could have amended the prayer of the complaint. Also, appellant failed to preserve the point for review, by omitting to specify it particularly in the motion for new trial, as required by section 68 of the Civil Practice Act.

█ Appellant makes one brief remark as to insufficiency of evidence. Appellee has made appropriate reference to evidence refuting this claim. Other assignments of error were made but not mentioned in the brief nor argued, and hence are waived. *Meyer v. Hendrix*, 311 Ill. 605, 606. Accordingly the judgment is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J. and BARDENS, J., concur.