**Eddie McCaskill, Appellee, v. Armando Quintano, Appellant.**

**Gen. No. 45,903.**

Opinion filed May 28, 1953. Released for publication June 24, 1953.

JACOBS & LIEBERMAN, of Chicago, for appellant; EUGENE LIEBERMAN, of Chicago, of counsel.

HAROLD SILVERN, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff filed his complaint seeking to recover treble damages under the Federal Rent Control Act, resulting

from alleged overcharges of rent by the defendant in violation of the Rent Control Act, and for attorney's fees provided for in said Act.

An answer was filed denying the allegations of the complaint and as a special defense set up that at the time he purchased the premises in question he procured a statement in writing from the seller, showing that the maximum rental for the housing accommodations occupied by plaintiff was $12.50 per week; that when the sale was consummated he inquired at the office of the housing expediter as to whether the housing accommodations occupied by plaintiff were registered there, and whether $12.50 per week was the maximum rental authorized by the housing expediter; that he was informed that said amount was correct and in accordance with the registration of the premises in said office; that included in the housing accommodations occupied by plaintiff was a furnished room adjoining the one room theretofore occupied by plaintiff; that said additional room constituted new construction under applicable law; and that the first charge of $12.50 per week that defendant made was for the two rooms occupied by plaintiff instead of the one previously occupied by him.

A trial with a jury resulted in a verdict assessing plaintiff's damages at $100. No motion for new trial was filed by plaintiff, but instead he filed a motion for judgment notwithstanding the verdict, alleging that the verdict was against the manifest weight of the evidence.

Upon a hearing of the motion filed by plaintiff the court entered an order making specific findings of fact that defendant charged from October 21, 1950, to March 17, 1951, the amount of $12.50 per week, and the further sum of $13.50 per week from March 17, 1951, to August 25, 1951; that the total amount of overcharges was $365; and that the verdict was against the manifest weight of the evidence. The order directed

the entry of judgment notwithstanding the verdict for the sum of $515, being the overcharges of $365 and $150 as reasonable attorney's fees, in favor of Eddie Mc-Caskill and Lillyn McCaskill.

Defendant thereupon filed a motion for new trial within the time fixed by statute, which was overruled, and judgment followed, from which judgment and order defendant appeals.

Defendant, upon oral argument, has suggested to this court that he would be satisfied to abandon his appeal from the order denying his motion for new trial, in the event this court should conclude to reverse the cause and remand it with directions to enter judgment on the verdict.

Plaintiff confesses error upon this appeal as to the entry of judgment in favor of Lillyn McCaskill, she at no time being a party to the proceeding, and consents to a reversal of the judgment as to her.

The controlling question presented upon this appeal is whether the court had the power, upon a motion for judgment notwithstanding the verdict, to enter the order referred to, directing a judgment for a larger amount than the verdict.

██ The answer of defendant set up a complete defense to the plaintiff's claim, so that the liability of the defendant, if there was any evidence to support it, became a question of fact for the jury. Under such circumstances the court had no power, upon the motion for judgment *non obstante veredicto,* to enter the judgment for a larger amount.

The identical question here presented was decided adversely to plaintiff in *Hughes v. Bandy,* 336 Ill. App. 472, affirmed in 404 Ill. 74. In the case cited liability was denied, but the damages, amounting to $1,218.25, were undisputed. The verdict returned was for $615. The court held that notwithstanding the fact that the damages were not in dispute, the court lacked the pow-

377

er upon such a motion to enter a judgment for the larger amount, and that the wrongful exercise of the judicial authority in effect deprived the defendant of the right of trial by jury. The court further held that since plaintiff did not see fit to make a motion for new trial under Rule 22 of the Supreme Court [Ill. Rev. Stats. 1951, ch. 110, § 259.22; Jones Ill. Stats. Ann. 105.22], he is deemed to have waived the right to apply for new trial and in consequence is barred from challenging the amount of the jury's verdict.

 Furthermore, the motion for judgment *non obstante veredicto* alleged as a reason that the verdict was against the manifest weight of the evidence. The judgment order confirmed the reason assigned. We must assume, since there is no report of proceedings, that both plaintiff and the court recognized there was some evidence—enough to go to the jury—upon the question of liability as well as damages. The court had no right upon such a motion to weigh the evidence and to determine whether the verdict was against the manifest weight of the evidence. *Hughes v. Bandy, supra.*

 That there was some overcharge in violation of the Federal Rent Control Act is settled by the verdict and judgment of the court. Plaintiff was entitled to bring this action and, under the Federal Rent Control Act, recover reasonable attorney's fees. In view of the small recovery involved, we think the attorney's fees should be fixed at $100.

 Admittedly, the judgment in favor of Lillyn McCaskill is a void judgment. Accordingly, the judgment in favor of Lillyn McCaskill is reversed.

 The judgment notwithstanding the verdict is reversed and the cause remanded with directions to enter judgment on the verdict and to allow attorney's fees to plaintiff in the amount of $100.

*Reversed and remanded with directions.*

LEWE, P. J. and KILEY, J., concur.