In re Estate of Corene Cowdery Davison, Deceased.
Gertrude O'Meara Sponsel, Petitioner-Appellant, v. Louise
Cowdery Willard, et al., Respondents-Appellees.

## Gen. No. 53,502.

First District.
January 23, 1970.

Vincent D. McConnell, of Chicago, for appellant.

Defrees, Fiske, Voland, Alberts & Hoffman, of Chicago (William P. Steinbrecher and Edward J. Griffin, of counsel), for appellees.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

Direct appeal was taken to the Supreme Court from the judgment of the Circuit Court of Cook County, Probate Division, denying probate of a will dated March 25,

1940, and codicil thereto dated October 8, 1940, executed by Corene Cowdery Davison, and of a second will executed by her on December 3, 1964.

Decedent, Corene Cowdery Davison, executed a will on March 25, 1940, and a codicil thereto on October 8, 1940. On December 3, 1964, she executed a second will which specifically revoked all prior wills and codicils. On December 18, 1964, she revoked the second will by obliterating it in the presence of her attorneys in New York City. She died more than two years later (March 3, 1967) without executing any further wills.

Gertrude O'Meara Sponsel, named as executrix in the 1940 will, petitioned for admission to probate of that will and its codicil and for the issuance of letters testamentary. Application was made to take the deposition of attesting witnesses to its codicil.

Louise Willard Kearns, a niece of decedent and one of her heirs at law, filed a petition for an order denying the application for the commission, denying the probate of the 1940 will and codicil, and for a finding that decedent died intestate. This latter petition also prayed that hearing be had for proof of the 1964 will and of its revocation.

In the trial court, Gertrude O'Meara Sponsel contended that the 1964 will was the result of fraud, undue influence and testamentary incapacity, was void ab initio, and could not revoke the 1940 will and codicil. At the hearing on the petitions, two of the attesting witnesses to the 1964 will testified as to its execution. They were cross-examined in an effort to show that the 1964 will was procured by undue influence of testatrix' maid, Ella Meade.

The testimony showed that the testatrix, a childless divorcee and lifelong resident of Chicago, went to New York City during the middle 1940's for medical attention and remained there a number of years to undergo treat-

ment for a chronic tubercular condition complicated by an acute infection. While receiving treatment for these ailments Miss Cowdery, then in her seventies, developed carcinoma and underwent surgery twice—in 1960 and in October, 1964. She lived in an apartment suite at the Plaza Hotel and was cared for by Ella Meade.

After her return (in November of 1964) from the hospital to her apartment following her second operation for cancer, she executed the will of December 3, 1964, by which she left the bulk of her estate in six equal shares to named persons, one of whom was Ella Meade.

Thereafter, on December 18, 1964 (fifteen days later), when one of Miss Cowdery's New York attorneys, who had drawn her 1964 will, went to her apartment, she inquired as to how to revoke the will. After being informed as to the method to revoke it, she marked across it, wrote "Cancelled" at the top of each page and signed her name underneath. Two people then signed as witnesses to the revocation. Miss Cowdery did not make any later will.

At the hearing on the petitions, attorneys for appellant represented that they intended to show the 1964 will was procured by undue influence of Ella Meade. The heirs filed a petition requesting a determination as to whether such evidence should be permitted at the probate hearing on the 1964 will. At the outset of the hearing the trial judge indicated he would reserve his ruling on this point until the conclusion of the evidence in support of the 1964 will. In the course of the hearing appellant's attorneys stated their intention to take depositions in New York to establish if there was evidence of undue influence or lack of testamentary capacity in connection with the 1964 will. At the conclusion of the heirs' proof, the court continued the hearing for two months for the specific purpose of enabling the obtaining and presenting

479

of evidence, if any existed, of fraud, undue influence or lack of testamentary capacity.

While certain depositions of various witnesses were taken in New York City, appellant's attorney did not appear for those depositions. However, at the time the continued hearing was set, appellant requested an additional two months' continuance. This was granted. At the date of the second continued hearing, appellant's attorney advised the court that he could not produce any testimony and requested another continuance to file a pleading or memorandum to present the legal questions. That continuance was granted.

At the hearing thereafter held, appellant presented an abstract of certain parts of the testimony in a suit against Charles Rivers Aiken, then pending before a master in chancery in the Circuit Court of Cook County. That suit had been filed by decedent for an accounting of some $191,000 of assets which Aiken had taken possession of through a power of attorney from decedent. Aiken had counterclaimed for attorney fees. Aiken's attorney (who also was appellant's) asked the court to take judicial notice of the testimony in the Aiken case and accept the abstract and photostats of exhibits as evidence in this case. That offer was denied.

No other evidence was tendered. The court then entered its order finding that the 1964 will had been validly executed, thereby revoking the 1940 will and codicil, and that the 1964 will had thereafter been revoked. Both wills and the codicil were denied probate.

The Supreme Court transferred the case to this court. The issue raised involves section 46 of the Illinois Probate Act (Ill Rev Stats 1965, c 3, par 46) which provides:

"Revocation—Revival.) A will may be revoked only . . . (b) by the execution of a later will declaring the revocation, . . . .

"A will which is totally revoked in any manner shall not be revived other than by its re-execution, or by an instrument in writing declaring the revival and signed and attested in the manner prescribed by this Article for the signing and attestation of a will. . . ."

Appellant contends that the trial court erroneously applied section 46 in refusing to permit her to introduce evidence of undue influence in the execution of the 1964 will so that it was not a properly executed will and thus was ineffective to revoke the 1940 will and codicil. Also, appellant contends that to apply section 46 of the Probate Act as its language was in 1965 to an earlier will executed in 1940 is a retroactive application of a statute, which would impair the contract rights of Aiken who received a $5,000 specific legacy in the 1940 will claimed to have been pursuant to a contract with decedent for fees.

█ As to the latter contention, this appears to be but an afterthought since it was never raised or considered in the trial court, nor was any proof offered of the alleged contract. The law is well-settled that a point not raised and passed on by the trial court cannot be raised for the first time on appeal. Holmes v. First Union Trust & Savings Bank, 362 Ill 44, 198 NE 671 (1935); Russo v. Kellogg, 37 Ill App2d 336, 185 NE2d 377 (1st Dist 1962). Further, we find no merit in the point, as decedent did not attempt to revive the 1940 will in the manner which the law has required since 1957. Actually, the revival provisions of 1965 under consideration were enacted substantially in 1957.

█ On the first contention of appellant, we cannot agree that the trial court barred all testimony of undue influence. The fact is that appellant introduced no competent evidence of undue influence. The abstract of an-

other and different suit between different parties was not competent. The court properly refused to admit this abstract into evidence. The pleadings in that case were not presented so that identity of issues also could not be examined. No error is raised on appeal on that ruling. Hence, the trial court properly held that the 1964 will revoked the 1940 will and codicil, and in turn the 1964 will was revoked in accordance with the statute.

The courts of this State have long held that during the proof of offer of a will for probate the only affirmative evidence that opponents to the probate may offer is that which shows fraud, forgery, compulsion or other improper conduct. Section 69 of the Illinois Probate Act (Ill Rev Stats 1965, c 3, par 69) provides:

> "If the proponent establishes the will by sufficient competent evidence it shall be admitted to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will."

Evidence of undue influence is not properly admitted on the hearing for probate. Schaefer v. Schaefer, 215 Ill App 208 (1919); Shepherd v. Yokum, 323 Ill 328, 154 NE 156 (1926); In re Guinane's Estate, 65 Ill App2d 193, 213 NE2d 30 (1st Dist 1965); Berndtson v. Heuberger, 21 Ill2d 557, 173 NE2d 460 (1961); Ruffing v. Glissendorf, 41 Ill2d 412, 243 NE2d 236 (1968).

The judgment orders were correct.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.