*In re* ESTATE OF EMIL C. LEHMAN, Deceased.—(THE DEPARTMENT OF MENTAL HEALTH, Claimant-Appellant.)

(No. 74-47;

Fifth District—June 11, 1975.

William J. Scott, Attorney General, of Chicago (Michael B. Weinstein, Assistant Attorney General, of counsel), for appellant.

Hohlt, House, DeMoss & Johnson, of Nashville, for Estate of Lehman.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal from an order of the circuit court of Washington County barring a claim by the Department of Mental Health against the estate of the deceased as to all property inventoried within 6 months from the issuance of letters of administration. A sixth class claim was allowed with respect to property inventoried after the expiration of the 6 months.

Emil C. Lehman died intestate on August 17, 1972, in the Anna State Hospital where, having previously been adjudged an incompetent, he had been a patient for 20 years. On September 5, 1972, the attorney for the conservator of Mr. Lehman's estate mailed a letter to the Department of Mental Health notifying it of Mr. Lehman's death and requesting approximation of the claim against the deceased's estate. The Department answered this letter on September 13 advising that the claim would total $33,354.22 and asking that it be informed regarding the name and address of the administrator, the court file number, and the date when the estate of deceased would be opened. On October 31, Herbert Lehman, who had previously been conservator for the deceased, filed for letters of administration. On November 1 he was appointed administrator. On November 3 counsel for the estate notified the Department that the estate had been opened and that an administrator had been appointed.

Counsel for the administrator had the required claims notice published during the month of November. This notice stated that claims not filed within 7 months from the date of issuance of letters would be barred as to the estate inventoried within that period. This was incorrect, since an amendment which became effective with respect to letters issued after October 1, 1972, reduced the period from 7 months to 6 months (Ill. Rev. Stat., 1972 Supp., ch. 3, par. 204).

On January 12, 1973, the original inventory of real and personal property was filed. This was more than the 60 days after the issuance of letters

as required by section 171 of the Probate Act. Nevertheless, the inventory was approved by the circuit court on January 15.

On May 7, 1973, the Department filed its claim for services to the deceased since January 1, 1952, the date he entered the Anna State Hospital. The claim was for $33,354.22. There had been paid to the Department previously for Emil Lehman's care $4,388.78. On May 23, 1973, the administrator for the estate filed an answer alleging that the claim was barred since it had not been made within 6 months from the date of appointment of the administrator. The issue was tried and on November 8, 1973 the judge ruled against the claim of the Department except as a sixth class claim against a small amount of property included in a supplemental inventory which had been approved on October 31, 1973. The judge issued his order on December 12, 1973, and it is from that order that the Department appeals.

We are confronted with a single issue: Was the Department's claim barred against assets in the original inventory for failure to file the claim within the prescribed time limit of 6 months.

■■ It is argued on behalf of the estate of Emil Lehman that the only question before this court is a question of estoppel since the Department did not at the trial court level advance other arguments against application of the 6-months statute. While it is true that arguments made by the Department regarding the time when the 6-months statute commences to run and regarding sovereign immunity from the application of the statute were not made at the trial court level, they nevertheless concern the main issue and are inherent in it. We do not find authority cited by the appellee compelling on this point. In *Hartman v. Hartman*, 11 Ill. App.3d 524, 297 N.E.2d 199, a motion to dismiss a partition suit was denied, and the judge requested appellants to file an answer. They did not, and the judge reluctantly entered a default order finding that appellants had no interest in the subject property. On appeal, therefore, they could not for the first time argue matters which they could have presented at the trial level had they not defaulted. In *People ex rel. Gustafson v. City of Calumet City*, 101 Ill.App.2d 8, 241 N.E.2d 512, the city appealed from a mandamus order compelling it to issue a building permit. For the first time, on appeal, the city argued that plaintiff had not applied for a permit and that his application was not accompanied by verified plans in duplicate. If this were true it is obviously not a fact which the city should have concealed until there was an appeal. In the instant case we simply have further abstract arguments as to why the 6-months statute should not apply to the Department. Likewise in *Holmes v. First Union Trust & Savings Bank*, 362 Ill. 44, 198 N.E. 671, an issue of fact rather than conjecture was involved. Appellant for the first time objected to the

validity of a deed on the ground that it did not bear a seal. Obviously this is a fact which should have been clarified at the trial court level. *In Re Estate of Davison*, 119 Ill.App.2d 477, 256 N.E.2d 16, involved a factual question regarding the proper method of revoking a will. *In Re Estate of Newcomb*, 6 Ill.App.3d 1094, 287 N.E.2d 141, for the first time on appeal, an issue was raised regarding what the claim was for. No such question exists in the instant case.

■■ The Department argues that the law in effect at the time of the decedent's death is controlling. We do not agree. Both sections 194 and 204 of the Probate Act (Ill. Rev. Stat., ch. 3, pars. 194, 204) make it clear that claims not filed "* * * within 6 months from the issuance of letters testamentary or of administration * * *" are barred as to the estate which has been inventoried within 6 months from the issuance of letters. The amendment became effective on October 1, 1972, and applies to letters issued after that date. In the instant case letters were issued on November 1, 1 month after the effective date of the amendment.

In *Hathaway v. Merchants' Loan & Trust Co.*, 218 Ill. 580, 75 N.E. 1060, cited by the appellant, the administrator was appointed on January 13, 1903, and a new law reducing from 2 years to 1 year the period for making claims against an estate did not go into effect until July 1, 1903, almost 6 months later. Obviously such an amendment could not operate retroactively because, as the court in *Hathaway* pointed out, if an estate had been pending for more than a year before the effective date of the amendment, no claims could be made. In the instant case publication was not made until after the effective date of the amendment, and though the publication mistakenly stated 7 months instead of 6 months, counsel for all parties are presumed to know the law and that it cannot be changed by someone's mistake. Furthermore, there is no contention that the Department relied upon the publication notice.

Appellant cites two additional cases, neither of which support its contention. In *Paschall v. Reed*, 320 Ill.App. 390, 51 N.E.2d 342, the administrator was appointed before the effective date of an amendment to the Probate Act and the court correctly held that the administrator was not subject to the amendment. Likewise *In Re Estate of Koss*, 84 Ill.App. 2d 59, 228 N.E.2d 510, an order denying admission of a will to probate was entered on November 23, 1965. An amendment changing the time for filing an appeal from 60 days to 30 days became effective on January 1, 1966. As the court pointed out, if such a subsequent amendment were given retroactive effect the time for making an appeal would have expired before the new law became effective. In *Koss* as in *Hathaway*, the particular right and the time applicable to it were fixed before the

new laws became effective. In *Koss* the court reiterated the language from *Hathaway* in support of the plain language of the statute, where the court said that the new law "\* \* \* does not apply to claims against an estate upon which letters testamentary had been granted before the act took effect." 84 Ill.App.2d 59, 64.

The Department argues that the right to make the claim vested on the date of the death of Emil Lehman. With this we agree. But the time for making the claim was controlled by the law in effect on October 1, since the legislature selected the date of appointment of an administrator—and with good reason—as the time when the statute commences to run, and the administrator was appointed one month after the effective date of the amendment. With respect to this date the law is prospective, not retroactive. *Hathaway v. Merchants' Loan & Trust Co.*

We feel that the language in *In Re Estate of Mertz*, 241 Ill.App. 446, 453, is applicable here. "A county court could not therefore authorize an administrator to pay the claim after the claim was barred from payment by the statute. To authorize payment under these circumstances would in effect nullify the provision in the statute."

■■ The Department argues that since it is an arm of the State of Illinois acting in a sovereign capacity it should not be barred by the statute. It supports this view by citing the Federal example. The United States Supreme Court in *United States v. Summerlin*, 310 U.S. 414, 84 L.Ed. 1283, 60 S.Ct. 1019, held that the right of the United States to enforce its claims against an estate is not barred by State statutes. Prior to *Summerlin* an Illinois appellate court held in *Harrison v. Deutsch*, 294 Ill.App. 8, 13 N.E.2d 511, that the Federal Government could enforce a tax claim against an estate though the period for filing under the Illinois Probate Act had expired. The court cited the Federal priority statutes which state that "\* \* \* debts due to the United States shall be first satisfied \* \* \*" (31 U.S.C. § 191 (1970)) and that "every \* \* \* administrator \* \* \* who \* \* \* [pays other claimants first] shall become answerable in his own person \* \* \* for \* \* \* debts \* \* \* due to the United States \* \* \*." 31 U.S.C. § 192 (1970).

We do not find that the State of Illinois enjoys a similar right. First of all, the language in the Mental Health Code is explicit. It states that "\* \* \* the State's Attorney of the county in which a \* \* \* patient who is liable under this Act for payment of sums representing treatment charges resides, shall institute appropriate legal action against \* \* \* the patient, or *within the time provided by law* shall file a claim against the estate of such patient who fails or refuses to pay those charges." Also, "[w]ithin the time allowed by law for the filing of claims, the Depart-

ment may file a claim against the decedent's estate * * *. Such claim shall be allowed and paid as other lawful claims against the estate." (Emphasis supplied.) Ill. Rev. Stat., ch. 91½, par. 12—12.

Besides this language in the statute we have the holding of the court In re Estate of Bird, 410 Ill. 390, 396, 102 N.E.2d 329, where the court, referring to Harrison, said: "* * * inasmuch as that decision was predicated upon the Federal priority statute, it is apparent that it is not determinative of the issue herein, where there is no such priority statute applicable to claims of the State agency." The court in Bird followed an earlier decision of the Illinois Supreme Court in People v. Small, 319 Ill. 437, 150 N.E. 435, in which the court held that the State was bound by the 1-year statute of limitations in the Probate Act.

We find the law on this point well settled. If there is to be a change and the State of Illinois and its departments are to be accorded a supremacy right similar to that enjoyed by the Federal Government, it must come from the legislature. As the court said in Kinsey Distilling Sales Co. v. Foremost Liquor Stores, Inc., 15 Ill.2d 182, 154 N.E.2d 290, in which the constitutionality of the Illinois Fair Trade Act was challenged, debated, and upheld: "Where such questions of fact are fairly debatable, this court does not substitute its judgment for that of the General Assembly * * *," and, "* * * in the orderly administration of justice, [established decisions] should be deemed controlling until and unless the General Assembly provides otherwise."

■■ The Department maintains that the estate should be estopped by its actions from not honoring the claim. It cites 18 I.L.P. Estoppel § 22 (1956), which defines estoppel as: "Conduct causing another to act, in good faith, to his own prejudice * * *." The Department points to the mistake in the publication notice which stated that claims must be made within 7 instead of 6 months. We have discussed this point and find no reason to hold that the Department is not bound by the law that existed at the time that the administrator was appointed. Cases cited by the Department do not alter our view. In Anderson v. Safeway Insurance Co., 10 Ill.App.3d 597, 295 N.E.2d 117, it was quite clear that the insurance company should have been estopped from refusing to pay a claim. The question in Anderson involved the uninsured status of the offending driver. Upon request by the company, insured's counsel sent relevant information. The claims manager arranged for a physical examination and the completion of forms. The insured complied. The insurer informed the insured that an arbitrator had been selected. In view of these actions by the insurance company it is readily understandable that estoppel should apply. In Estate of Franke, 124 Ill.App.2d 24, 259 N.E.2d 841, cited by the Department, the question was whether

or not the 5-year statute of limitations or an oral promise barred a house-keeper from collecting for services performed over a longer period of years. The facts showed that her employer had told her from the beginning that in lieu of payment he was investing her wages for her. The court pointed out that the claimant had no way of knowing until the death of the employer that this was not true. Hence estoppel was proper.

██ Though the Department alleges that the representatives of the estate failed to furnish it with a copy of the letters and a notice as to the dates upon which they were issued, we find that the Department was informed of crucial dates and of the name of the administrator and that its rights were not thereby prejudiced. Its reference to failure of the conservator to make payments as agreed upon prior to Emil Lehman's death is not germane to the issue before us.

Affirmed.

EBERSPACHER and CARTER, JJ., concur.