*In re* ESTATE OF LOREN A. SWISHER, Deceased.—(Leon L. Swisher, Adm'r of the Estate of Loren A. Swisher, Plaintiff-Appellant, *v.* Norma Swisher, Guardian of the Estates of Bradley Swisher *et al.*, Minors, Defendant-Appellee.)

Fifth District   No. 82—280

Opinion filed March 21, 1983.

Jeff Troutt, of Caldwell, Troutt, Alexander & Quindry, of Benton, for appellant.

Gary J. Szczeblewski, of Sesser, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This appeal presents the following question: is the statutory surviving child's award under section 15—2 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 15—2) governed by the minimum amounts in effect at the date of death of the decedent or by the amounts in effect at the date such an award is ordered? The circuit court of Franklin County issued an order in which it felt bound by the latter amount. We agree with this position.

Loren Swisher died intestate on May 27, 1981. At that time, the Probate Act of 1975 provided that the children of a decedent who left no surviving spouse would be entitled to a minimum child's award of $1,000 per child plus $5,000 to be divided equally among the children receiving the award. (Ill. Rev. Stat. 1979, ch. 110½, par. 15—2(b).) On August 26, 1981, Norma Swisher, guardian of the person and of the estate of the decedent's two minor sons, petitioned the court for an appropriate child's award under this provision, and, on October 20, 1981, the court granted the petition in the amount of the statutory minimum of $1,000 per child and $5,000 to be divided between the two sons.

Norma Swisher moved to vacate the award on November 16, 1981, alleging that the statutory minimum amounts had been increased by the General Assembly following Loren Swisher's death. (Ill. Rev. Stat. 1981, ch. 110½, par. 15—2(b), as amended by Pub. Act 82—188, effective August 14, 1981.) On April 22, 1982, the court entered an order finding that section 15—2(b) of the Probate Act of 1975 "leaves no discretion" and instead fixes a minimum limit on the amounts awarded. Accordingly, an award was entered in the new statutory minimum amounts of $2,000 per child and $10,000 to be divided between the children. It is from this order that the administrator of the estate of Loren Swisher appeals.

The administrator first suggests an analogy to the statutory rules of descent. It is accepted that the survivors of a decedent who dies intestate share in his estate under the rules in effect at the date of the decedent's death. (*Classen v. Heath* (1945), 389 Ill. 183, 58 N.E.2d 889; *McCormick v. Hall* (1929), 337 Ill. 232, 168 N.E.900.) According to the administrator, it would promote consistency in the administration of estates if the child's award were also to be ascertained with reference to the law in force at that time.

However, we do not believe it appropriate to reason by analogy from the statutory rules of descent. The stated purpose of those rules is simply to make an equitable distribution of the property owned by the decedent, and the application of those rules involves

consideration of facts at least theoretically established at the date of death, namely the size of the estate and the identity of the heirs. It is consistent with this purpose to hold that rights acquired through the operation of these statutes vest at death. *In re Estate of Tilliski* (1944), 323 Ill. App. 490, 56 N.E.2d 481, *aff'd* (1945), 390 Ill. 273, 61 N.E.2d 24.

■ In contrast, the child's award is, by the terms of the Probate Act of 1975, designed to support the dependent children of the decedent for nine months after his death. Of necessity, the court must look to the future needs of the children to determine if, in the exercise of its discretion, the court feels that an amount greater than the appropriate minimum should be awarded. (*In re Estate of Lewis* (1974), 18 Ill. App. 3d 748, 311 N.E.2d 694.) The child's award is more accurately thought of as a provision for the future rather than the mere distribution of property accumulated in the past. Thus, those policies which dictate that intestate succession be vested no later than the date of the decedent's death, and that the distribution be in accord with the law at that time, are not present in determining which law governs the child's award.

The administrator responds that, even if the statutory rules of descent are of no guidance in this case, it has been held that the statutory widow's award, which has a purpose similar to that of the child's award, vests at the date of the decedent's death. (*In re Estate of Gersch* (1963), 43 Ill. App. 2d 224, 193 N.E.2d 208; *Molner v. United States* (N.D. Ill. 1959), 175 F. Supp. 271; *In re Estate of Dillman* (1956), 8 Ill. App. 2d 239, 131 N.E.2d 634.) If the right to receive this award is determined at that time, he argues, then it must follow that the amount of that award should be controlled by the law in force at that time as well. He further asserts that this result should also be reached under the child's award.

We do not accept that a necessary corollary to the vesting of the spouse's award at the death of the decedent is that the amount of that award is governed by the law at that time. Certainly, in making its award to the spouse, the trial court is not limited to the projected needs of the spouse at that date, but should consider later circumstances affecting the needs of the spouse. (*In re Estate of Gersch.*) If the court is not bound by the facts as they appear at the death of the decedent, there seems to be no reason that it should be bound by a minimum amount in effect at that time. *In re Estate of Dillman* does not hold otherwise. That case held that a husband who survived his wife by only several hours obtained a vested interest in the minimum amount of the widow's award, which interest was recoverable by his

estate. An event which occurred subsequent to the wife's death thus showed that the husband needed no more than that amount. Also, by the very nature of this case, there was no change in the minimum award between the wife's death and the husband's, nor was there any such change between the death of the parties and the court's award.

Furthermore, even though the widow's award is similar in purpose to the child's award, it is only the statute governing the former which contains language which explicitly vests the award at the death of the decedent. Section 15—1(a) of the Probate Act of 1975 provides, "If the surviving spouse dies before the award for his support is paid in full, the amount unpaid shall be made to his estate. If the surviving spouse dies or abandons a child before the award for the support of a child is paid in full, the amount unpaid shall be paid for the benefit of the child to such person as the court directs." (Ill. Rev. Stat. 1981, ch. 110½, par. 15—1(a).) But even without this direct language, the fact that section 15—4 of the Probate Act of 1975 allows the executor of the estate of a deceased surviving spouse to select between receiving an award in money or an award in property shows that the widow's award must indeed vest at the decedent's death. (Ill. Rev. Stat. 1981, ch. 110½, par. 15—4(a); *Molner v. United States*.) No such language is found in the provisions governing the child's award, even though that statute makes reference to the children in existence at the date of the decedent's death. The absence of this language indicates that we cannot analogize from the vesting of the widow's award at the death of the decedent to the application of the minimum amount in effect at that time for a child's award.

The administrator also argues that the amount of the child's award is a "substantive" matter which should be governed by he law in force at the decedent's death. Several authorities have recognized the rule that "[w]here substantive rights are affected, such as dower, descent, etc., it seems clear that the law in force at the decedent's death governs." (1 Horner, Probate Practice and Estates sec. 21 (4th ed. 1976).) The corresponding rule is of course that a purely "procedural" matter is controlled by the most recent version of the law. (See *In re Estate of Lehman* (1975), 29 Ill. App. 3d 321, 330 N.E.2d 594.) The guardian of the minor sons responds that the amount of the minimum child's award is procedural in nature.

While the difference between a substantive and a procedural matter may be of assistance in interpreting some statutes, it should be remembered that the primary function served by rules of construction should be to ascertain the intent of the legislature and effectuate it. (Ill. Rev. Stat. 1981, ch. 1, par. 1002; *Karlson v. Murphy* (1944), 387

Ill. 436, 56 N.E.2d 839.) The characterization of a matter as substantive or procedural can easily be misleading, and we believe that it should not be done in a case such as this where the intent of the General Assembly is apparent from consideration of the purposes of section 15—2 of the Probate Act of 1975.

■ The statute governing the child's award is to be liberally construed so as to furnish the surviving children with adequate support immediately after the decedent's death. (*Gillett v. Gillett* (1904), 207 Ill. 136, 69 N.E. 942.) It is a fair inference from the General Assembly's decision to raise the minimum amount of that award, effective August 14, 1981, that the earlier statutory minimum amounts would not be adequate to support children after that date. Were we to hold that the appropriate statutory minimum is that in effect on the date of death of the decedent, that decision would not be fully effectuated.

Instead of conditions specific to a particular claimant, arising after the decedent's death and affecting the needs of the claimant, the change in the statute embodies a general condition, the economic climate, which affects all claimants. It would seem incongruous to say that only conditions affecting the particular claimant, and not the general rise in living costs, recognized by statute, can be considered by the court after the decedent's death. It would also be anomalous for the court to be forced to use two different standards for child's awards entered the same day, merely because a decedent may have died prior to the amendment of the minimum amount. The economic conditions applicable to awards entered the same day are obviously the same, and it would better implement the decision of the General Assembly if the standards which govern the child's awards granted on the same day be uniform as well.

■ Our discussion of the purposes behind the statutory child's award has indicated that the minimum amount governing that award is that in effect at the date of the award rather than the amount in effect at the date of the decedent's death. We indicate no opinion on whether that award vests at the death of the decedent. Because the order of the circuit court of Franklin County applied the later minimum amount, it is accordingly affirmed.

Affirmed.

HARRISON, P.J., and KARNS, J., concur.